## I. N. STEPHENS v. D. A. BUIE, COUNTY JUDGE, ET AL.

### Decided April 14, 1900.

**1.  Jurisdiction of District Court Over Acts of Commissioners Court.**

Neither the Constitution nor the statute has conferred on the district court jurisdiction to review the action of the county commissioners court in the matter of fixing the boundaries of a school district. Rev. Stats., art. 1099.

**2.  Pleadings—Particularity in Averment of Damages.**

A petition alleging in general terms that plaintiff would be inconvenienced and financially injured by the action of the commissioners court complained of, in fixing the boundaries of a school district, but not stating in what respect, does not allege the damages with sufficient particularity.

APPEAL from Upshur. Tried below before Hon. J. G. RUSSELL.

*Levy & Turner,* for appellant.

*Barnwell & Eberheart,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an appeal in an original proceeding instituted in the District Court of Upshur County to review the action of the Commissioners Court of that county in fixing the boundaries of a school district.

There are various grounds in plaintiff's petition charging irregularities in the proceedings of the Commissioners Court, and it prays the

action of said court be reviewed, and that the order establishing said school district be reversed, etc.

The defendant answered by general demurrer, and specially that the petition fails to show that plaintiff was in any manner damaged or inconvenienced by said order. Also, that the matters therein complained of were exclusively under the control and discretion of the Commissioners Court, and that it fails to allege that such discretion and control were oppressively, illegally, or fraudulently used; and a further exception was that said petition was not sworn to. All the exceptions, save the last, were sustained, and plaintiff failing to amend, the cause was dismissed.

We are of the opinion that there was no error in the ruling of the court sustaining said exceptions.

Article 1099, Revised Statutes, which follows the Constitution in defining the jurisdiction of the district court, provides, among other things, that the district court "shall also have appellate jurisdiction and general supervisory control of the county commissioners court, with such exceptions and under such regulations as may be prescribed by law."

There is no statute which makes any provision or regulation for a review of the action of the commissioners court by the district court, and in the absence of such a statute, the district court is not authorized to revise the action of the commissioners court in the manner sought in this proceeding. See opinion on rehearing in Heath v. Lane, 62 Texas, 686; Franks v. Chapman, 60 Texas, 46.

The petition is also defective in failing to show with sufficient particularity how the plaintiff would be damaged. The petition alleges in general terms that plaintiff would be inconvenienced and financially injured, but in what respect is not stated. This is not sufficient.

The judgment is affirmed.

*Affirmed.*