## SMITH et al. v. CITY OF DALLAS et al.
### No. 3916.

Court of Civil Appeals of Texas. Texarkana.
Feb. 20, 1931.

Rehearing Denied Feb. 26, 1931.

Reid & Erhard, of Dallas, for plaintiffs in error.

J. J. Collins, W. Hughes Knight, H. P. Kucera, and A. A. Long, all of Dallas, for defendants in error.

LEVY, J. (after stating the case as above).

By assignments of error Nos. 1, 2, and 3, the complaint is made of peremptorily instructing the jury to return the verdict in favor of the city of Dallas permanently "enjoining the defendants, the School Board of Cement City Independent School District, from further participation in the school affairs of said district." It is pointed out that the legal existence of the Cement City independent school district was never dissolved nor abandoned, and the plaintiffs in error in their capacity of school trustees and as taxpaying inhabitants were authorized to enforce the rights of such school district in the present suit, because the attempted consolidation of the territory of the two school districts in evidence was invalid and not in compliance with the statutory provisions relating thereto. It is not open to question whether there is any provision in the statute by which territory in adjacent established independent school districts can be consolidated into a single school district. The Legislature by the Acts of 1927, p. 124, c. 82 (Vernon's Ann. Civ. St. arts. 2815a–2815g), has expressly vested in the county board of trustees of public schools the power to so alter and consolidate the two existing adjacent school districts. They are affirmatively authorized to act at a time whenever it becomes "necessary for the best interests of the school children." The exercise of the authority to so act is made subject only to the proviso contained in section 1 of the act (Vernon's Ann. Civ. St. art. 2815a) reading: "Provided that the territory of no Independent school district having more than five hundred (500) scholastics shall be changed without the consent of its Board of Trustees."

It is evident, therefore, as conclusively appearing, that in passing the order of consolidation of September 5, 1928, the county board of trustees of Dallas county were undertaking to carry out the statutory authority given

to them. In that view, the first inquiry is as to the right of the plaintiffs in error to have reviewed, and the authority of the courts to interfere with the action of the county board of trustees. The plaintiffs in error did not perfect the appeal from the action of the county board of trustees as authorized by section 9 of the act referred to. There is no claim nor allegation that the county board of trustees in consolidating the two school districts in any wise acted in fraud or corruption. It follows that, in order to warrant any contest by the plaintiffs in error and review by the courts, the proceedings by which the consolidation was claimed to have been made must have been in force and effect, not merely irregular, but void. Stephens v. Buie, 23 Tex. Civ. App. 491, 57 S. W. 312. The legality of the formation of the consolidated school district cannot be attacked collaterally. Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91. The formation of the district can be attacked, however, if the proceedings relative thereto were legally void. Parks v. West, 102 Tex. 11, 111 S. W. 726. As was affirmatively shown by its official records in all things correctly kept, the county board of trustees of Dallas county duly passed the order of consolidation at its meeting of September 5, 1928. This meeting was pursuant to the regular authorized call therefor, which fixed the time, place, and purpose of the meeting, and after notice given in public places within the territory of each of the two districts for the specified number of days before the meeting. The contents of the notices of such meeting as publicly given of the territory affected was on its face plainly sufficient for the purpose. This official record becomes conclusive, and with all formality of a judgment at law, in the absence of fraud or corruption, showing, as it does, a full compliance with all the required terms of the statute. And consent to such consolidation or union was expressly given by the board of education of the city of Dallas by its order of record of November 15, 1928. This consent became necessary and indispensable under the statute, since the Dallas city school district contained more than 500 school children. Under article 5 of the Charter of the City of Dallas, the board of education of the city had authority to give the consent, as such board has exclusive control and management of the city public schools. As was further shown, in addition to this order of consent, the Dallas city board of commissioners, by ordinance of December 10, 1928, formally annexed the Cement City independent school district to the city of Dallas "for school purposes." The preamble of that ordinance shows that "the trustees of said Cement City Independent School District have by unanimous vote petitioned the Board of Education and the Board of Commissioners of the City of Dallas and the County Board of School Trustees of Dallas County, Texas, to annex

said territory to the City of Dallas for school purposes." The preamble of that order further shows that "a majority of the resident qualified voters" of the Cement City independent school district had petitioned to have the territory of that district annexed to the city of Dallas "for school purposes." Evidently there was consent to have consolidation of the two districts.

The provision in the order of consolidation of September 5, 1928, and which provision was consented to by the city board of education November 15, 1928, that the consolidation or union of the two school districts should not become complete and effective until the expiration of the school term "of 1928–29," would not operate or have the legal effect to make the consolidation ineffective or void. The statute does not provide that the time of taking effect of the consolidation shall be at once and not otherwise. The statute prescribes no time for the consolidation to take effect. Making the consolidation effective at the expiration of the school term stated was, in the facts, both reasonable and expedient, and was not contrary to the policy and spirit of the law. At the time of filing the present suit on October 8, 1929, the consolidation was manifestly in effect and complete.

It is further pointed out that there was failure to make a map showing the boundaries of the new district as provided in section 2 of the above act (Vernon's Ann. Civ. St. art. 2815b). The failure to file the map would not in special facts of this case operate to invalidate the formation of the consolidated or new school district. School District No. 4 v. School District No. 2, 135 Ill. 464, 28 N. E. 49.

It is believed in the record presented that the trial court did not err in giving the peremptory instruction to the jury. In the facts shown, the city of Dallas was entitled to the relief asked to be granted, for, as a matter of pure law, the jurisdiction over the consolidated territory in question had become vested in the city of Dallas at the time of the present suit, because the territory in the Cement City independent school district had been legally separated from that district and consolidated with the Dallas City school district. Its right to the control of the schools and to the school property therein vested when the consolidation of the two school districts into a single school district was complete, which was fully so at the time of the suit.

It is urged as error of the refusal of the court to dissolve the temporary injunction issued in the case because of insufficient affidavit of the petition and of the failure of the city to give bond. The affidavit we think is sufficient. The city of Dallas was not required to give bond. Section 12, article

14, Charter of Dallas; articles 1174, 2072, R. S.; City of Dallas v. Springer (Tex. Civ. App.) 8 S.W.(2d) 772, 774. The present permanent injunction, awarded on trial of the merits, would be regarded legally and properly·granted although the affidavit for temporary injunction was defective and although there was failure of the city to give bond therefor.

The judgment is affirmed.