

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

JOHN ~~BEN SHEPPERDXXXXX~~ XXXXX
ATTORNEY GENERAL

. . . . . . . .

Honorable T. M. Trimble
First Assistant
State Superintendent of Public
        Instruction
Austin, Texas

Opinion Number O-5552

Dear Sir:

Re: Can the bounds of the City of
    Houston be extended to include
    the Independent School District
    of Galena Park?

        We reply to your letter of August 17, 1943, attaching a letter from
Dr. Walton Hinds, Superintendent of Galena Park Schools, in which he advises
that the City of Houston has by ordinance, under its Home Rule Charter,
annexed approximately 91 square miles of contiguous territory, including
valuable territory within the Galena Park Independent School District; that
in 1923 the Houston School District divorced itself from the City of Houston,
and in said year was incorporated as the Houston Independent School Dis-
trict by special Act of the Legislature. Said special Act provides in part
as follows:

        "If at any time the City of Houston extends its boundaries,
        the boundaries of the Houston Independent School District
        will automatically follow the boundaries of the city."

        Dr. Hinds further advises that the Galena Park Indpendent School Dis-
trict was created under general law by a majority vote of its qualified
voters on May 24, 1930, being created a Common School District with the same
boundaries, and has more than 500 scholastic population.

        An opinion is requested from this department as to whether the above
quoted provision of said special Act of 1923 is enforceable upon another in-
dependent school district (without its consent), or is in conflict with
other statutes having "a precedence," or is in conflict with the Constituti-
on of Texas.

        By Special Act approved March 18, 1905, the City of Houston was grant-
ed a new charter. (H. B. 503, Chap. 17, Special Laws, R.S., 29th Leg.).
Section 14 of Article 2 of said Act provided that:

        "The City of Houston shall constitute an independent school
        district, subject to the general laws of the State, except
        where in conflict with this Act," etc.

By Special Act approved March 20, 1923, Section 14 of Article 2 aforesaid was repealed, and the Houston Independent School District, separate and apart from the municipal government of the City of Houston, was created. (S. B. 402, Chap. 91, Spec. Laws, R.S. 38th Leg.). Section 3 of this last Act provides as follows:

"In the event of the extension of the City limits of the municipality of the City of Houston after the passage of this Act, the territory taken into said City by such extention shall automatically become a part of the Houston Independent School District and subject to the provisions of this Act."

In 1927, the Fortieth Legislature enacted S.B. 375, Chapter 82, p. 124, General and Special Laws, which was a general law and applied to all counties in Texas having 210,000 population or more, according to the last preceding Federal Census. (Article 2815a, V. A. C. S.). Section 1 of said article was amended in 1935 by Chapter 26, 44th Leg., but said amendment did not change any of the provisions of said Act hereinafter referred to and discussed. This Act became applicable to Harris County since the Federal Census of 1930, whereas it only applied to Dallas County before that time.

Said Act of 1927, before and after the 1935 amendment, provides for a Board of seven County School Trustees, whereas the general law for other counties only provides for five. It vests in said Board of seven trustees broad powers with reference to creating school districts, consolidating school districts, annexing and detaching territory from one or more districts, and changing the boundary lines of school districts, being different in many respects from counties having a population of less than 210,000.

Said Act of 1927 contains, among others, the following provisions:

"The words, 'school district,' as herein used, shall refer to common school districts or independent school districts, however created." (Emphasis ours.)

"Provided that the territory of no indpendent school district having more than five hundred (500) scholastics shall be changed without the consent of its board of trustees."

From the first quoted provision of said 1927 Act, it is clear that no school district in counties with a population of 210,000 or more was excepted from its provisions.

The second provision of said Act, being in negative form, and containing negative words, shows it to be mandatory rather than directory.

We assume, and have been reliably informed, that soon after Chapter 82, above referred to, became effective in Harris County upon completion of the 1930 Federal Census, said county proceeded to elect and organize a seven-member Board of County School Trustees, and has since functioned and is still functioning under said Act and by said Board.

We now observe that the provision of the 1923 Houston Independent School District Act, providing that the territory annexed to the City of Houstin in event of the extension of its city limits, "shall automatically become a part of the Houston Independent School District," is in direct conflict with the following provision of the later Act of 1927 (effective in Harris County in 1930):

"Provided that the territory of no independent school district having more than five hundred (500) scholastics shall be changed without the consent of its board of trustees."

It is also to be observed that Section 11 of the 1927 Law (Chapter 82 aforesaid) reads as follows:

"All laws and parts of laws, general and special, in conflict with this Act are hereby repealed."

It is clear therefore that said Section 11 of the 1927 Law repeals Section 3 of the 1923 Law, which Section 3 provides for the automatic extension of the boundaries of the Houston Independent School District to include territory taken into the City of Houston in the event its city limits are extended.

It is, therefore, the opinion of this department that, since Section 3 of the 1923 Law hereinabove referred to has been repealed, the extension of the City of Houston of its city limits would not automatically extend the boundaries of the Houston Independent School District to include the territory taken into said city.

Neither could the Board of County School Trustees of Harris County change the boundaries of the Galena Park Independent School District without the consent of its board of trustees. To do so would be in direct conflict with that provision of the 1927 Law which provides that:

"The territory of no independent school district having more than five hundred (500) scholastics shall be changed without the consent of its board of trustees."

See Smith v. City of Dallas, (Civ. App.) 36 S.W. (2d) 547, error dismissed. Also Art. 2815a, V.A.C.S.

In view of the foregoing, it becomes unnecessary to pass on the constitutionality of Section 3 of said 1923 Act.

Very truly yours

LHF-s:egw

APPROVED SEP 10, 1943
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS
APPROVED Opinion Committee
By B.W.B. Chairman

ATTORNEY GENERAL OF TEXAS

By /s/ L. H. Flewellen

L. H. Flewellen
Assistant