## SHUTT v. DALLAS COUNTY BOARD OF SCHOOL TRUSTEES et al.

### No. 6093.

Court of Civil Appeals of Texas. Amarillo.

Dec. 4, 1950.

Rehearing Denied Jan. 2, 1951.

Andress & Ramsey, Dallas, for appellant.

Alexander, George, Thuss, Johnson & Passman, and Will R. Wilson, Jr., Dallas, for appellees.

PITTS, Chief Justice.

This appeal is from an order of dismissal entered by the trial court after sustaining one of defendants' special exceptions to plaintiff's alleged cause of action and plaintiff refused to amend. Appellant, R. E. Shutt, acting for himself and all other similarly situated, sought to compel the Dallas County Board of School Trustees by a mandatory injunction to transfer a small tract of improved land owned and occupied by appellant and others similarly situated from the Dallas Independent School District to the Highland Park Independent School District, the said tract of land then being a part of the first named District and adjacent to the last named District. Prior to the hearing had the trial court had sustained a plea of nonjoinder filed by Dallas County Board of School Trustees and thus made the Board of School Trustees of Dallas Independent School District a party defendant. The

latter defendant answered and adopted the material parts of its codefendants' pleadings to be here considered and the two named school body corporates will be hereafter referred to as appellees.

The City of Dallas completely surrounds two municipalities, namely, the Cities of Highland Park and University Park. Highland Park Independent School District embraces all of the City of University Park and all of the City of Highland Park except the strip of land here involved, which is a strip of improved land owned and occupied by appellant, and those similarly situated. The said strip of land is one block wide and eleven blocks long, situated west of the Cottonbest Railroad in the City of Highland Park but also in the Dallas Independent School District which District is adjacent to Highland Park Independent School District along the full length of the strip of land in question.

Appellant and other residents of the strip of land in question sought by means of a petition with a requisite number of names thereon to get the Dallas County Board of School Trustees to transfer by a proper order the strip of land in question from the Dallas District to the Highland Park District under the provisions of Article 2742f, Vernon's Annotated Civil Statutes. The said Board refused to grant the request made in the petition because the petitioners had failed to secure the consent of the Board of Trustees of the Dallas Independent School District, to which District the strip of land in question then belonged. Such a refusal resulted in the filing of this suit for a mandatory injunction to compel the County Board of Trustees to make the transfer of the said strip of land from the Dallas Independent School District to the Highland Park Independent School District without first securing the consent of the Dallas District to make such a transfer.

Appellant pleaded a full compliance with the provisions of Article 2742f. This Article was enacted by the 41st Legislature in 1929. Section 1 of this Article authorizes a county board of school trustees upon a proper showing having been made to detach land from one school district and annex it to an adjoining district with the consent and approval of a majority of the board of trustees of the district to which the same is to be attached. Section 1 of the said Article further provides that if the territory to be detached exceeds ten per cent of the entire district from which it is to be detached the petition for such detachment must be signed by a majority of the trustees of the district from which the territory is to be detached together with a majority of the qualified voters of the territory to be detached, but in the case at bar the proposed territory to be detached is not more than ten per cent of the Dallas District and that provision last mentioned of the Article does not apply. Neither will such a transfer reduce the area of the Dallas District to less than nine square miles as is provided for in Section 1-a of the said Article which Section was added thereto by an amendment of the 42nd Legislature in 1931.

Appellees answered the complaints pleaded by appellant. Among other matters pleaded they specially excepted to appellant's pleadings on the grounds that he had not shown that he had secured the consent of the Board of Trustees of the Dallas Independent School District to have the strip of land in question transferred from its District to the Highland Park District as is required by Article 2815a, Vernon's Annotated Civil Statutes, which Article they allege applies in this case. Article 2815a was enacted by the 40th Legislature in 1927. This Article makes it the duty of a county board of school trustees of every county having 210,000 population or more according to the last preceding federal census to conveniently provide for and arrange school districts of the county and to rearrange them from time to time by creating new districts or consolidating districts if needed or by increasing or reducing the area of districts by revising or rearranging the boundaries, attaching territory to a district or detaching territory therefrom if necessary for the best interest of the school children, "provided that the territory of no independent school district having more than five hundred (500) scholastics shall be changed without the consent of its board of Trustees * * *."

In the case at bar it is conceded that the County of Dallas had more than 210,000 population according to the last preceding federal census and that the Dallas Independent School District had more than 500 scholastics.

After a hearing and due consideration the trial court sustained appellees' special exception hereinabove set out, holding, in effect, that appellant must as a matter of law allege consent of the Board of Trustees of the Dallas Independent School District as a part of his alleged cause of action. Appellant refused to so amend his pleading and the case was dismissed. From the order of dismissal appellant perfected his appeal to the Dallas Court of Civil Appeals and the same has been transferred to this court by order of the Supreme Court.

Appellant predicates his appeal upon several points of error seeking to establish that the issues here presented are controlled by the provisions of Article 2742f. He contends that Article 2742f passed in 1929 repealed Article 2815a passed in 1927 in case the two Articles are conflicting. He further contends that the two Articles provide for alternative methods for changing the boundary lines in Dallas County by the County School Board if the provisions of the said Articles are not conflicting. Appellees resist appellant's contentions and insist that appellant must plead and prove consent of the School Board of the Dallas District as required by Article 2815a before the strip of land in question can be detached as urged by appellant.

Both Article 2742f and Article 2815a have been amended by acts of the Legislature but a careful examination of both reveals to us that the provisions of each Article hereinabove discussed have not been repealed or affected by such amendments. Therefore such provisions of each Article are now in full force and effect and we believe they control the issues here presented. It may be presumed that the Legislature in passing the original Act as set forth in Article 2815a deemed it wise to do so in order to see that areas and boundaries in school districts of the large counties should be kept very stable and remain fixed and not subject to changes unless such met with the approval of the controlling body of the district affected. In construing the said Article it has been held before the Dallas Independent School District had been completely divorced from the City of Dallas that the consent of the Board of the Dallas District was indispensable in connection with a consolidation affecting the said district. Smith v. City of Dallas, Tex.Civ.App., 36 S.W.2d 547, writ dismissed. It is our opinion that the question of consolidation is so closely related to the question here presented that the rule applied there would be just as applicable here.

As is stated by appellant, it is the duty of this court to harmonize the two statutes in question if possible and to hold them both in force and effect. Article 2742f makes no requirement for securing the consent of a school board from which territory is to be detached in such cases. Neither does it provide that such consent shall not be necessary. The provisions of such Article are wholly silent on that matter. If such consent were not required by some other statute of equal force and effect, the provisions of Article 2742f may control exclusively the question here presented. However, Article 2815a previously enacted provides that such consent must first be had from the board of trustees of an independent school district having more than 500 scholastics situated in a county having more than 210,000 population according to the last federal census before any of its territory can be detached and added to an adjoining district. The provisions of the two Articles here referred to are too lengthy to copy them herein. However, after a careful examination, we do not find any conflict or repugnancy between the provisions of the two Articles herein discussed. It appears that they exist concurrently and should be construed so as to give effect to them both as was done in the case of Wintermann v. McDonald, 129 Tex. 275, 102 S.W.2d 167. However, we do not believe that the two Articles in question here provide alternative methods for the alteration of boundary lines of school districts thereby af-

fected. In such cases it has been many times held that harmonious statutes concerning the same subject matter must be construed together in applying their provisions to facts or circumstances such as are here presented. When that is done the requirements of both harmonious statutes must be met, in which event appellant in the case at bar must have pleaded, in addition to his other pleadings, that the consent of the Board of Trustees of the Dallas Independent School District had been secured as is required by Article 2815a before his alleged cause of action met the requirements of the law in such cases. It therefore appears that because of his failure to so plead his position was subject to the exception levelled at it by appellees and that it was not error for the trial court to so hold by sustaining appellees' said exception and dismissing the case after appellant declined to amend his pleadings accordingly. Appellant's points of error to the contrary are all overruled and the order of the trial court dismissing the appeal is affirmed.