**ATLANTIC RICHFIELD COMPANY et al.,**
**Appellants,**

**v.**

**LIBERTY–DANVILLE FRESH WATER SUPPLY DISTRICT NO. ONE OF GREGG COUNTY, Texas, Appellee.**

**No. 726.**

Court of Civil Appeals of Texas, Tyler.

Feb. 14, 1974.

Rehearing Denied March 21, 1974.

Ramey, Brelsford, Flock, Hutchins & Carroll, Tom B. Ramey, Jr., Frank L. McClendon, Tyler, for appellants.

Smead, Roberts, Harbour, Smith, Harris & French, Longview, for appellee; John M. Smith, Longview, of counsel.

MOORE, Justice.

The principal question involved in this appeal is whether the District Court of Gregg County, Texas, had appellate jurisdiction to review an order of the County Commissioners' Court granting a petition and ordering an election to establish a Fresh Water Supply District under the provisions of Chapter 4, Title 128, codified as Articles 7881–7959A, Vernon's Annotated Texas Statutes. The controversy commenced on May 7, 1969, when R. L. McKinnon and others filed a petition in the

Gregg County Commissioners' Court under the provisions of the foregoing statutes seeking to create the Liberty-Danville Fresh Water Supply District No. 1 of Gregg County, Texas. Hearing on said petition was set for May 23, 1969, and notice of the hearing was duly posted. On the date of the hearing appellants, Atlantic Richfield Company, Gulf Oil Corporation, Cities Service Oil Company, Sun Oil Company, Mobil Oil Corporation and Getty Oil Company, appeared before the Commissioners' Court and contested the granting of the petition. Petitioners appeared and offered testimony showing that the project was necessary, practical and feasible. In rebuttal appellants offered testimony to the contrary. After a full hearing, the Commissioners' Court entered an order finding that the petition was sufficient to meet the requirements of the statutes and ordered an election to allow the voters to determine whether the District would be created. Appellants filed written objections and exceptions to the order and gave notice of appeal to the District Court of Gregg County.[1] After posting an appeal bond in the amount set by the Commissioners' Court, appellants requested the clerk of the court to prepare a transcript of the proceedings in the Commissioners' Court and to file the same in the District Court of Gregg County. In response to the request, the clerk prepared a copy of (1) the petition for the creation of the District, (2) the order of the court declaring the petition to be sufficient and ordering an election, (3) the transcript of the testimony offered by the parties before the Commissioners' Court, and (4) appellants' objections and exceptions to the order of the court including appellants' notice of appeal. The foregoing instruments were filed in the District Court of Gregg County on June 4, 1969. No separate pleadings of any type were filed by appellants in the District Court and no answer was ever filed by petitioners of the appellee-District.

The case remained on the docket of the District Court in this posture until January 22, 1973, when the District filed a motion seeking a summary judgment as provided for by Rule 166–A, Texas Rules of Civil Procedure, alleging that under the pleadings and summary judgment evidence on file, no material issue of fact remained to be decided and the District was therefore entitled to a summary judgment as a matter of law. Attached to the motion for summary judgment were certified copies of all the orders of the Commissioners' Court relating to the creation of the District, including an order dated June 24, 1969, showing that after appellants perfected their appeal to the District Court an election had been subsequently held in the District at which a majority of the citizens in the District voted in favor of the creation of the District and that the Commissioners' Court had ordered the establishment of the District. The cause came on for hearing before the District Court upon the District's motion for summary judgment. After a hearing the trial judge granted the motion and entered a summary judgment in favor of the District. From this judgment appellants duly perfected this appeal to this court.

Article 7882 provides that Fresh Water Supply Districts may be created by presenting a petition to the Commissioners' Court of the county embracing the District, which shall set forth the boundaries of the District and general nature of the work proposed to be done; the necessity therefor; and the feasibility thereof. Article 7884 provides for public notice of the hearing before the Commissioners' Court. Article 7886 provides that the Commissioners' Court shall examine the petition and ascertain the sufficiency thereof and any person interested may appear and give testimony touching the sufficiency of the petition. This article further provides that such court shall have jurisdiction to determine

1. The appeal to the District Court was from the order finding that the petition for the creation of the District was sufficient to comply with the provisions of Article 7882, supra, and ordering an election as per Articles 7886 and 7887.

all issues raised involving the sufficiency of the petition and to make all incidental orders necessary in respect to the matters before it. Article 7887 provides that if, upon the hearing, it be found that the petition conforms to the requirements of Article 7882 and that such project is feasible and practicable, is necessary and would be of benefit to the lands therein, the Commissioners' Court shall so find by its order and shall order an election allowing the voters in the District to determine whether the proposed District shall be established. Article 7893 provides that if, upon the election the voters favor the creation of the District, the Commissioners' Court shall enter an order establishing the District. Nowhere do any of the statutes provide for appellate review of the actions of the Commissioners' Court in the creation and establishment of Fresh Water Supply Districts.

Upon appeal to this court appellants seem to have briefed the case upon the assumption that the District Court was clothed with jurisdiction to entertain an appeal from the order of the Commissioners' Court. While both parties specifically recognize in their briefs that the record raises a serious jurisdictional problem upon the question of whether the District Court acquired appellate jurisdiction of the appeal, neither party seems to recognize that this appeal turns on this point. It is elementary, of course, that if the District Court acquired no jurisdiction, this court has none. In characterizing the nature of their appeal to the District Court, appellants make the following statement in their brief. We quote:

"This is a case which was *appealed* and is not a case originating in the District Court involving merely the District Court's general supervisory powers over the Commissioners' Court. This case involves the *appellate powers* of the District Court and not just the supervisory powers of the District Court as in cases originating in the District Court such as an equitable proceeding for an injunction,

or as a direct attack or collateral attack on the action of the Commissioners' Court, or as in a certiorari proceeding originating in the District Court." (Emphasis theirs.)

Upon the record before us, we hold that the District Court acquired no appellate jurisdiction to revise the orders of the Commissioners' Court in the manner advocated by appellants.

The Commissioners' Court, in determining whether the petition for the creation of the District was sufficient to comply with the requirements of Article 7882, acts in an administrative capacity. City of Corpus Christi v. Cartwright, 288 S.W.2d 836 (Tex.Civ.App., Corpus Christi, 1956, writ ref.).

Article 5, Sec. 8 of our Constitution grants the District Courts "appellate jurisdiction and general supervisory control over the County Commissioners Court, *with such exceptions and under such regulations as may be prescribed by law.*" (Emphasis supplied.) Substantially the same language is found in Article 1908, Vernon's Annotated Texas Statutes. The legislature has prescribed no exceptions and has only established the procedure for appealing orders of the Commissioners' Court in a limited number of situations. While the legislature has prescribed a method of appealing from the orders of the Commissioners' Court establishing a Water Control District (Article 7880–18, V.A.T.S.), the legislature has never prescribed a procedure for appealing from the orders of the Commissioners' Court establishing a Fresh Water Supply District, under Article 7881–7959A, which is the type involved here, nor has the legislature passed a general statute providing the method and procedure for invoking the appellate jurisdiction of the District Court over all actions of the Commissioners' Court. Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324 (1956). Consequently, in the absence of statutory authority, the District Court was not authorized to exercise appellate

jurisdiction to revise the action of the Commissioners' Court in the manner sought by appellants in this proceeding. City of Strawn v. Board of Water Engineers, 134 S.W.2d 397 (Tex.Civ.App., Austin, 1939, writ ref.); Stephens v. Buie, 23 Tex.Civ.App. 491, 57 S.W. 312 (1900, n. w. h.); Scott v. Graham, supra.

■ We are not in accord with the proposition asserted by appellants that Rule 264 authorizes an appeal to the District Court from the order of the Commissioners' Court. While this rule provides "(c)ases brought up from inferior courts shall be tried de novo," the rule, as we construe it, merely prescribes the procedure to be followed in cases where the legislature has previously granted a right of appeal from an inferior court to a superior trial court. Since the legislature has never prescribed the procedure for an appeal from the orders of the Commissioners' Court in cases of this type, the rule is not applicable.

■ In reaching the conclusion that the District Court acquired no jurisdiction, of the appeal, we are not unmindful of the fact that the District Court is authorized to exercise supervisory control over the Commissioners' Court through its equitable powers in a plenary suit brought for the purpose of reviewing or setting aside an order of such court. Art. 5, sec. 8, Texas Constitution, Art. 1908, V.A.T.S.; J. R. Phillips Inv. Co. v. Road Dist. No. 18 of Limestone County, 172 S.W.2d 707 (Tex. Civ.App., Waco, 1943, writ ref.); Scott v. Graham, supra. But that is not the situation presented here. Appellants state in their brief that the proceedings which they instituted in the District Court were in the nature of an appeal and not a plenary action. Thus the attempted appeal was but a futile effort to invoke the jurisdiction of the District Court when none in fact existed. City of Strawn v. Board of Water Engineers, supra.

■ Having concluding that the District Court had no appellate jurisdiction over the order the Commissioners' Court in the manner sought in this proceeding, it follows that this court has no jurisdiction over the appeal from the judgment of the District Court. In these circumstances the proper procedure is to reverse the judgment and dismiss the case. 3 Tex.Jur.2d, Appeal and Error—Civil, sec. 31,. p. 298; Turnbow v. J. E. Bryant, 107 Tex. 563, 181 S.W. 686 (1916); Fraley v. County of Hutchinson, 278 S.W.2d 462 (Tex.Civ.App., Amarillo, 1954, n. w. h.).

Accordingly, the judgment is reversed and the cause is dismissed.