ACCEPTED
01-14-00820-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 5:15:07 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00820-CV

_____

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 5:15:07 PM
CHRISTOPHER A. PRINE
Clerk

_____

IN RE GALVESTON COUNTY JUDGE MARK HENRY,
GALVESTON COUNTY COMMISSIONER RYAN DENNARD,
GALVESTON COUNTY COMMISSIONER JOE GIUSTI,
GALVESTON COUNTY COMMISSIONER STEPHEN HOLMES,
AND GALVESTON COUNTY COMMISSIONER KEN CLARK,
IN THEIR OFFICIAL CAPACITIES AS THE
GALVESTON COUNTY COMMISSIONERS COURT, Relators.

_____

Original Proceeding on Petition for Writ of Mandamus

_____

## RELATORS' MOTION FOR REHEARING AND EN BANC RECONSIDERATION

_____

James P. Allison
SBN: 01090000
J. Eric Magee
SBN: 24007585
Phillip Ledbetter
SBN: 24041316
**ALLISON BASS, & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
Attorneys for Appellants

## IDENTITY OF PARTIES & COUNSEL

Relators certify that the following is a complete list of the parties, the attorneys, and any other person who has any interest in the outcome of this lawsuit:

**Relators:**

Galveston County Commissioners
Court:
    Judge, Mark Henry
    Commissioner Ryan Dennard,
    Commissioner Joe Giusti,
    Commissioner Stephen Holmes,
    Commissioner Ken Clark,
    in their official capacities.

**Respondent:**

Honorable Lonnie Cox
56th Judicial District Court
600 59th, Suite 3302
Galveston, TX 77551

**Counsel for Relators:**

James P. Allison
SBN: 01090000
J. Eric Magee
SBN: 24007585
Phillip Ledbetter
SBN: 24041316
ALLISON, BASS & MAGEE, LLP
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

**Counsel for Respondent:**

Mark W. Stevens
Attorney at Law
SBN: 19184300
P.O. Box 8118
Galveston, TX 77553
(409) 765-6306  telephone
(409) 765-6469  facsimile
markwandstev@sbcglobal.net

No. 01-14-00820-CV
_____

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
_____

IN RE GALVESTON COUNTY JUDGE MARK HENRY,
GALVESTON COUNTY COMMISSIONER RYAN DENNARD,
GALVESTON COUNTY COMMISSIONER JOE GIUSTI,
GALVESTON COUNTY COMMISSIONER STEPHEN HOLMES,
AND GALVESTON COUNTY COMMISSIONER KEN CLARK,
IN THEIR OFFICIAL CAPACITIES AS THE
GALVESTON COUNTY COMMISSIONERS COURT, RELATORS.
_____

Original Proceeding on Petition for Writ of Mandamus
_____

**RELATORS' MOTION FOR REHEARING AND
EN BANC RECONSIDERATION**
_____

COME NOW, Relators Galveston County Judge Mark Henry, Commissioner Ryan Dennard, Commissioner Joe Giusti, Commissioner Stephen Holmes, and Commissioner Ken Clark, in their official capacities as the Galveston County Commissioners Court, and file this, their Motion for Rehearing and En Banc Reconsideration pursuant to Texas Rules of Appellate Procedure 49 and 52. In support thereof, Appellants would show the court as follows:

## I.
## <u>INTRODUCTION</u>

Relators are the duly elected officials comprising the Galveston County

Commissioners Court ("Relators" or "Commissioners Court"). The Honorable Lonnie Cox, presiding judge of the 56th Judicial District Court of Galveston County and Administrative Judge of the Galveston County District Courts is the Respondent ("Respondent").

On September 24, 2014, Respondent entered an *ex parte* order (the "Order") *sua sponte* without any notice or hearing. There was **no underlying legal proceeding or lawsuit**. The Order purports to nullify the actions of the Galveston County Commissioners Court terminating the employment of an individual from the position of Director of Galveston County's Justice Administration Department. The Respondent's Order further purports to order the Relators to cease and desist the process of "attempting to hire" a new Director of Galveston County's Justice Administration Department.

On October 7, 2014,[1] the Relators initiated this original proceeding, petitioning for a writ of mandamus directing the Respondent to vacate his Order because the Respondent lacked jurisdiction to exercise a district court's inherent or supervisory authority under the Texas Constitution and; therefore, the Order is void. The Relators concurrently filed an Emergency Motion for Stay Pending Review of their Petition for Writ of Mandamus. The next day, the Honorable

---

[1] Relators originally filed their Petition for Writ of Mandamus and Emergency Motion on October 7, 2014. Pursuant to the application rules governing the assignment of cases between the Houston Courts of Appeals, the Petition and Motion were electronically filed with the Clerk of the14th Court of Appeals. The matter was assigned a cause number and returned on October 8th be re-filed on with the 1st Court of Appeals.

Justice Terry Jennings entered an order requesting a response to the Relators' petition for mandamus from the Respondent and authorizing the Relators to file a reply.

Approximately four months later, on February 4, 2015, a three-Justice panel of this Court consisting of the Honorable Justices Terry Jennings, Laura Carter Higley, and Rebeca A. Huddle issued a memorandum opinion denying the Relators' Petition for Writ of Mandamus ("Petition") and dismissing motions for interim relief filed by both parties as moot. The memorandum opinion did not explain the basic reason(s) for the panel's decision.

The three-Justice panel erred in issuing this decision, in that Texas jurisprudential precedent holds that the Respondent could not exercise the inherent or supervisory authority of a district court under the Texas Constitution without initiating a lawsuit, and could not enter the Order without affording the Relators due process of law. Further, the three-Justice panel erred in issuing a memorandum opinion. These errors require review and reversal by the full Court of Appeals. Therefore, Respondents timely file this motion for rehearing; and further, respectfully requests that a majority of this Court *en banc* grant this motion for reconsideration and that the case be submitted to the Court for *en banc* review and disposition.

## II.
## ISSUES PRESENTED

Issue 1:    The Court's three-Justice panel erroneously denied the Relators' Petition for Writ of Mandamus.

Issue 2:    The Court's three-Justice panel erroneously issued a memorandum opinion.

**III.**
**ARGUMENT**

**1.    The Court's three-Justice panel erroneously denied the Relators' Petition for Writ of Mandamus**

   **A.    Ex Parte Order was not a valid exercise of the district court's supervisory authority over the Commissioners Court.**

The Texas Constitution provides that "[t]he District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." Tex. Const. art. V, § 8; *see also* Tex. Gov't Code § 24.020 ("The district court has appellate jurisdiction and general supervisory control over the commissioners court, with the exceptions and regulations prescribed by law."). The scope of the district court's supervisory jurisdiction has been defined by case law. *In re El Paso County Com'rs Court*, 281 S.W.3d 16, 24 (Tex. App. – El Paso 2005, not pet.); *Ector County v. Stringer*, 843 S.W.2d 477, 478 (Tex. 1992). A district court's constitutional supervisory control over a commissioners court's judgment can generally only be invoked when the commissioners court acts beyond its jurisdiction or clearly abuses the discretion conferred upon the

commissioners court by law. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997); *Ector County*, 843 S.W.2d at 479; *In re El Paso County Com'rs Court*, 281 S.W.3d at 24.

The Texas rules of law generally require that a lawsuit be filed in the district court in order to invoke the district court's *supervisory* control over the commissioners court. *See, e.g., Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324, 328 (1956)(holding that a direct equitable proceeding filed in the district court comes within the power granted by Tex. Const. art. V, § 8 and the predecessor of Section 24.020); *In re In re El Paso County Com'rs Court*, 281 S.W.3d at 27; *Hooten*, 863 S.W.2d at 528 n. 7 (noting that a formal action or suit must be filed in order for district court to exercise its supervisory control over the commissioners court); *Atl. Richfield Co. v. Liberty-Danville Fresh Water Supply Dist. No. One of Gregg County*, 506 S.W.2d 931, 934 (Tex. Civ. App.—Tyler 1974, writ ref'd n.r.e.)(holding that a plenary suit is required to invoke the district court's supervisory control over the commissioners court); *J. R. Phillips Inv. Co. v. Rd. Dist. No. 18 of Limestone County*, 172 S.W.2d 707, 712 (Tex. Civ. App.—Waco 1943, writ ref'd)(holding that the supervisory control of the district court may be exercised through its equitable jurisdiction); *Harris County v. Bassett*, 139 S.W.2d 180, 182 (Tex. Civ. App.—Galveston 1940, writ ref'd)(one aggrieved by an order of a county commissioners court may have the order reviewed by bringing a direct

proceeding in the district court for that purpose); *Bird v. Alexander*, 288 S.W. 606, 608 (Tex. Civ. App.—Dallas 1926, no writ)(stating that it is the settled law of this state that the district court's supervisory control may be exercised through the equitable jurisdiction of the district courts); Tex. Atty. Gen. Op. JM–708 (1987) (concluding that a district court may exercise "general supervisory control" over the actions of a commissioners court only when a lawsuit is brought in district court seeking review of the commissioners court's actions). As such, the El Paso Court of Appeals has held that a district court *cannot* invoke its own jurisdiction to exercise supervisory control over the commissioners court under Article V, Section 8 of the Texas Constitution or Section 24.020 of the Texas Government Code. *In re El Paso County Com'rs Court*, 281 S.W.3d at 26.

The sole exception where a district court may invoke the its supervisory control over the commissioners court without filing a lawsuit was identified by the Texas Supreme Court in *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78 (Tex. 1988). The Court in *Mays* held that "[t]he performance of a clear statutory duty which is ministerial and nondiscretionary may be directed by the District Court without notice and hearing in the absence of a statutory requirement to the contrary." *Mays v. Fifth Court of Appeals*, 755 S.W.2d at 79. The facts and holding in *Mays* are not applicable to the Respondent's *ex parte* Order. In *Mays*, the district judges were authorized by the legislature to set their court reporters'

salary raises as long as they did not exceed ten percent. The judges ordered a raise of five percent, and the commissioners refused to comply to the letter of the orders. The Supreme Court concluded that the legislative grant of authority to the district judges and the subsequent judicial order imposed a statutory duty not subject to any residual discretion on the commissioners. *See id.* The facts in *Mays* establish that its holding applies only to a narrow set of circumstances where a party intentionally violates a clear statutory mandate, thereby negating any question whether the action was an abuse of discretion. *See Matter of El Paso Cnty. Courthouse*, 765 S.W.2d 876, 878 (Tex. App.—El Paso 1989, no writ) ("This type of judicial intervention (*Mays*) or review (V*ondy*) necessitates that the statutory obligation be free of any discretion accorded the commissioners. The two examples clearly bracket the scope of judicial action in such a situation…The specificity and degree of judicial intervention in the commissioners' court function was consequently tailored in each case to coincide with, but not exceed, that aspect of the duty which was non-discretionary"). Such was not the case here.

The underlying issue which the Respondent's *ex parte* Order presumes to have resolved is whether the Director of Galveston County Justice Administration Department was a County employee subject to supervision and control of the Galveston County Commissioners Court or whether the Director was court personnel subject to the appointment and termination by a Galveston County or

District Court Judge. The parties' briefs and motions in this original proceeding make clear that this is a disputed issue of fact and law. The Relators took action within their authority, to terminate the employment of a County employee and to fill the subsequent vacancy. In response, the Respondent: (1) initially participated in the process for selecting a replacement; (2) later terminated his participation in that process; (3) solicited the Administrative Director for the State Office of Court Administration to request that the attorney general issue an opinion regarding the authority of Commissioners Court to appoint and terminate the Director of the County's Justice Administration Department (i.e., Request No. 1222-GA); and (4) shortly after that request was made, issued the Order **without filing a lawsuit** or **providing the Relators with any notice or due process**. The Respondent's claims asserting that the Commissioners Court lack authority to terminate the Director depend solely on his own self-serving factual claims and legal theories, both of which were obviously disputed by the Relators before the entry of the Order and the initiation of this original proceeding. Accordingly, the Supreme Court's holding in *Mays* provides that the Respondent **was required** to file a lawsuit in a district court to invoke the district court's supervisory jurisdiction over the commissioners court. Therefore, the Respondent's *ex parte* Order was issued without jurisdiction, and it was error for the three-Justice panel of this Court to deny the Relators' petition for mandamus relief.

**B.** **Ex Parte Order was not a valid exercise of the district court's inherent authority**.

The Respondent's *ex parte* Order includes claims that the County Judge's termination of Director of the County's Justice Administration Department and the Commissioners Court's proposed selection of a replacement "violates the separation of powers doctrine and infringes on the court's inherent powers." The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). Texas Courts have recognized that the judicial branch possesses inherent power to require the legislative and executive branches to provide essential staffing and facilities for it to properly perform its judicial functions. *See In re El Paso County Com'rs Court*, 281 S.W.3d at 27; *Dist. Judges of 188th Judicial Dist. V. County Judge Gregg County, Tex.*, 657 S.W.2d 908, 909 (Tex. App.—Texarkana 1983, writ ref'd n.r.e.); *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex. 1981); *Commissioners Court of Lubbock County v. Martin*, 471 S.W.2d 100, 110 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.). However, the inherent power to require such staffing is not unlimited. *In re El Paso County Com'rs Court*, 281 S.W.3d at 27; *Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d at 909. It does not excuse judicial officers from establishing the necessity of staffing or from seeking approval for the appointment

of specific staffing positions in accordance with applicable statutes.  *See Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d 908(where judges failed to establish the required essentiality, there was no basis for exercise of judges' inherent power to compel county judge and commissioners' court to fund increased salaries for court personnel and to implement a court administration system for the county).  Nor does such power excuse a judicial officer's failure to afford the legislative and executive branches with due process of law.

When the judiciary seeks to use its inherent power to overcome the legislative prerogative, it **must** be held to a **high standard** and must assume the burden of showing that the action to be compelled is essential for the holding of court, the efficient administration of justice, or the performance of its constitutional and statutory duties.  *In re In re El Paso County Com'rs Court*, 281 S.W.3d at 28 (emphasis added).  The court generally must afford procedural due process including notice and hearing.  *See Matter of El Paso County Courthouse*, 765 S.W.2d at 882.  A court's own administrative findings cannot be enforced unless those findings are established by a fact finding process that shows the court acted fairly and without bias.  *Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d at 910.  The court also **must meet a high burden of proof**.  *See In re In re El Paso County Com'rs Court*, 281 S.W.3d at 28; *Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d at 910(where the commissioners court has statutory authority and discretion, then,

it is the county's actions which have a presumption of validity, and they are subject to being abrogated only upon a showing of essentiality) (emphasis added). In the absence of a procedurally established basis for an *ex parte* order, it is unenforceable, i.e., void. *Id.; Matter of El Paso County Courthouse*, 765 S.W.2d 876. The Respondent's Order does not contain any allegation or claims that the Galveston County Commissioners Court has failed to fulfill its responsibility to provide administrative support to the judiciary. It is undisputed that there were statutory procedures available for the Respondent and other Galveston County judges to seek the appointment of court coordinators and support staff. The Respondent makes no claim that the County has refused to approve any judge's application to hire a staff position that he or she claimed was needed to properly perform any court's judicial functions. Likewise, the Respondent makes no claim that the Relators refused to provide any court with adequate funding. Further, the Respondent makes no claim that he or any other judge issued an order appointing or re-appointing any individual to the Director position pursuant to any court's inherent authority. Rather, the Respondent makes spurious allegations that Commissioners Court are seeking to hire a new Director from a pool of "unqualified individuals whose only attraction may be their willingness to become subservient factotums to the Commissioners." *See* Respondents' Reply to Petition for Mandamus at pg. 7-8. The Order was issued *sua sponte*, without any notice,

hearing or other due process. Meanwhile, the Order is premised upon administrative findings that are both erroneous and were established without any fact finding process. Further, the Order seeks to compel action that goes far beyond the Court's jurisdiction concerning adequate court staffing and improperly attempts to exercise supervisory control over the County Judge's and Commissioners Court's authority to hire and fire County administrative employees. As such, the Order was issued without any adequate basis or due process and is an invalid, overreaching exercise of the district's court's inherent authority. Consequently, the Order is unenforceable and void. Accordingly, it was error for the three-Justice panel of this Court to deny the Relators' petition for mandamus relief. This error requires review and reversal by the full Court of Appeals. Therefore, Relators respectfully request rehearing and *en banc* consideration.

**2**. **The Court's three-Justice panel erroneously issued a memorandum opinion.**

**A.** **The three-Justice panel issued a memorandum opinion that fails to advise the parties of reason for its decision.**

In original proceedings, Texas Rule of Appellate Procedure 47 is applicable to an order or opinion by a court of appeals. *See* Tex. R. App. P. 52.8(d). Rule 47.4 provides as follows:

> If the issues are settled, <u>the court should write a brief memorandum opinion</u> no longer than necessary <u>to advise the parties of the court's</u>

decision and the basic reasons for it. An opinion may not be designated a memorandum opinion if the author of a concurrence or dissent opposes that designation. An opinion must be designated a memorandum opinion unless it does any of the following:

(a)     establishes a new rule of law, alters or modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases;

(b)     involves issues of constitutional law or other legal issues important to the jurisprudence of Texas;

(c)     criticizes existing law; or

(d)     resolves an apparent conflict of authority.

Tex. R App. Rule 47.4 (emphasis added).

The three-Justice panel's opinion is two sentences long and fails to explain any reasons for their decision to deny Relators' Petition for Writ of Mandamus. As such, the opinion fails to comport with the requirements of Texas Rules of Appellate Procedure 47.4 and 52.8(d). Accordingly, the issuance of a memorandum opinion was inappropriate.

### B.     Memorandum Opinion inappropriate to dispose of issues presented by Relators' petition.

Texas Rule of Appellate Procedure 47.4 prescribes when a memorandum opinion may be issued. As noted above, the Rule provides that a memorandum opinion must not establish a new rule of law, alter or modify an existing rule, or apply an existing rule to a novel fact situation likely to recur in future cases. *See id*. R. 47.4(a). Further, the Rule provides that a memorandum opinion must not

involve issues of constitutional law. *See id.* R. 47.4(b). The three-Justice panel, meanwhile, issued a memorandum opinion that violates these prescriptions. It also failed to explain any reasons for the panel's decision. Accordingly, Relators are now compelled to request rehearing and *en banc* consideration.

As explained above, the established rules of law provide that the Respondent could not invoke a district court's supervisory or inherent jurisdiction over the Galveston County Commissioners Court without initiating a lawsuit, and could not issue his *ex parte* Order without affording the Relators procedural due process including notice, hearing, and a fact finding process that was conducted fairly and without bias. *See Matter of El Paso County Courthouse*, 765 S.W.2d at 882; *Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d at 910. It is undisputed that the Respondent issued his Order without initiating a lawsuit, providing the Relators any notice, or conducting any hearing. Nevertheless, the thee-Justice panel's memorandum opinion denied the Relator's petition for mandamus relief vacating the Order. As such, the three-Justice panel's decision alters or modifies the existing rules of law regarding the scope of district court's inherent and supervisory jurisdiction, and does so without discussion. Accordingly, the issuance of a memorandum opinion was inappropriate.

The panel's decision also involved a novel fact situation likely to recur in future cases. As explained more thoroughly in the Relators' Petition for Writ of

Mandamus and supporting reply brief, there are statutes authorizing county courts at law and district courts in certain counties to establish a court administration system, however, they are inapplicable to Galveston County. *See* Relators' Reply Supporting Their Petition for Writ of Mandamus at pgs. 11- 18 (discussing Tex. Gov't Code Chapters74-75). Further, Relators maintain that none of the elected judges in Galveston County obtained approval to appoint the County's Justice Administration Department's Directors under Chapter 151 of the Local Government Code, which generally regulates the process by which elected district, county and precinct officers may appoint deputies, assistants and clerks and other employees that are required in the performance of such officer's duties. *See* id. at pgs. 11-20. As such, this original proceeding involves issues regarding whether district courts possess the constitutional authority to unilaterally decree that employees of non-elective county offices established to support the administration of justice are court personnel and/or that such offices are part of the judiciary. The three-Justice's panel decision left the Respondent's *ex parte* Order in place, without addressing why they determined the Relators were not entitled to mandamus relief. As such, the same issues are likely to recur in a future cases, including ones related to the Respondent's potential efforts to enforce the terms of his Order or to challenge the authority of the Galveston County Commissioners Court to exercise control over the County's Justice Administration Department.

*See e.g.*, Respondent's Motion for Emergency Order Under T.R.A.P. 52.10(b). More generally, such issues are also likely to recur in any future cases where district judges to challenge the authority of commissioners courts to terminate or appoint county employees who have been assigned to support court functions. Accordingly, the issuance of a memorandum opinion was inappropriate.

The three-Justice panel's decision also involves issues of constitutional law. Relators' Petition seeks mandamus directing the Respondent to vacate his Order because the Respondent lacked jurisdiction to exercise a district court's inherent or supervisory authority under the Texas Constitution, and; therefore, the Order is void. Accordingly, this original proceeding clearly involves issues regarding the separation of powers under Article II, Section 1 and district court jurisdiction under Article V, Section 8 of the Texas Constitution. Nevertheless, the panel issued a memorandum opinion that did not acknowledge the existence of any constitutional issues or provide any reasons to support their decision. Accordingly, the issuance of a memorandum opinion was inappropriate.

For the above explained reasons, the three-Justice panel's opinion fails to comport with the requirements of Texas Rules of Appellate Procedure 47.4 and 52.8(d). This error requires review and reversal by the full Court of Appeals. Therefore, Relators respectfully request rehearing and *en banc* consideration.

# IV.
## PRAYER

A three-Justice panel of this Court issued a memorandum opinion denying Relators' Petition for Writ of Mandamus. This decision was erroneous. The issuance of a memorandum opinion was also improper. These errors require review. As such, Relators respectfully request rehearing. Further, Relators respectfully requests that a majority of this court *en banc* grant this motion for reconsideration, and that the case be resubmitted to the court for *en banc* review and disposition.

Respectfully submitted,

/s/ James P. Allison
James P. Allison
SBN: 01090000
j.allison@allison-bass.com

J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

Phillip Ledbetter
SBN: 24041316
p.ledbetter@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 *telephone*
(512) 480-0902 *facsimile*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this computer-generated motion for rehearing and en banc reconsideration in the Court of Appeals contains 3,719 which is less than 4,500 words and complies with TEX. R. APP. P 9.4.

/s/ James P. Allison
James P. Allison

## CERTIFICATE OF SERVICE

I certify that a copy of Relators' Motion for Rehearing and En Banc Reconsideration was served via e-service, certified mail, return receipt requested, facsimile, and/or electronically on this 19th day of February, 2015, to the following:

Mark W. Stevens
Attorney at Law
SBN: 19184300
P.O. Box 8118
Galveston, TX 77553
(409) 765-6306  telephone
(409) 765-6469  facsimile
markwandstev@sbcglobal.net

*Attorney for Respondent,*
*Hon. Lonnie Cox*


/s/ James P. Allison