STATE v. JOHNSON.

No. 8996.

Court of Civil Appeals of Texas. San Antonio.

June 18, 1932.

Rehearing Denied July 13, 1932.

D. F. Davis, Grover C. Morris, and Arthur V. Wright, all of San Antonio, for the State.

Watson & Spears, of San Antonio, for appellee.

FLY, C. J.

The state of Texas, upon the relation of D. F. Davis, county attorney, of Bexar county, sought by quo warranto to oust appellee from the office of deputy constable of precinct No. 6, Bexar county, upon the ground that he had not been legally appointed to the office. The district judge sustained a general demurrer to the petition.

The appointment of the deputy constable was made under the authority of article 3902, as amended by Acts 42nd Leg. (1931) c. 214, § 2 (Vernon's Ann. Civ. St. art. 3902) by article 6879a (Vernon's Ann. Civ. St.), Acts of the 42nd Leg., c. 280.

Article 3902, applicable here, is as follows: "Whenever the County Judge, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, Justice of Peace, Constable shall require the services of deputies or assistants in the performance of his duties, he may apply to the County Commissioners' Court of his county for authority to appoint such deputies or assistants, setting out by sworn application the number needed, the position sought to be filled, and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts and disbursements of the office; and said Court may make its order authorizing the appointment of such deputies and fix the compensation to be paid them and determine the number to be appointed. * * *"

It is further provided that the order of the commissioners' court, "granting authority to appoint deputies or assistants, shall state the number of deputies or assistants authorized and the amount of compensation to be allowed each deputy or assistant. * * *"

 The allegations denied that the requirements of article 3902 were in any manner complied with. There was no affidavit, no statement, but the statute was ignored in applying for the appointment of the deputy constable. The commissioners' court has limited jurisdiction, and when statutory authority is given for the exercise of certain powers and the performance of certain duties, those requirements must be strictly followed, and every essential detail performed as provided in the statute. Sun Vapor Electric Light Co. v. Keenan, 88 Tex. 197, 30 S. W. 868; City of Breckenridge v. Stevens County (Tex. Civ. App.) 26 S.W.(2d) 405; Commissioners' Court v. Wallace, 118 Tex. 279, 15 S.W.(2d) 535. The only authority under which a commissioners' court could assist in the appointment of the deputies named in article 3902 is the authority conferred therein, and could be executed only in the manner prescribed in the statute.

Two days after the passage of article 3902, an amendment was passed thereto, article 6879a, which does not affect the provisions of the former, except to provide for the number of deputies that can be appointed, and to clothe the commissioners' court with discretionary powers as to the necessity of the appointment of deputies. The amendment was not intended to interfere with the provisions of the original article, but to enlarge the powers theretofore granted. The provisions of article 3902 were left intact, in full force and effect, and, while in that article the commissioners' court had no right to do anything but confirm, in the amendment discretion was granted to confirm or reject the appointment if no necessity for the appointment was deemed to exist.

 If, as alleged in the petition, this appointment was null and void, the writ of quo warranto was the proper proceeding to oust an intruder into an office. Article 6253, Revised Statutes. It is a matter of no importance, as bearing on the right of the state to oust any usurper from any office created by statute, whether the commissioners' court has or has not the power to remove a deputy constable from office. If he had not lawfully obtained the office, he was a usurper, and the state could, through quo warranto, remove him therefrom. That state of case arises from the allegations in the petition, and the general demurrer was therefore improperly sustained.

The judgment is reversed, and the cause remanded.