

# THE ATTORNEY GENERAL
# OF TEXAS

**GROVER SELLERS**
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. P. Sexton
County Attorney
Orange County
Orange, Texas

Attention:  Mr. J. T. Adams
            Assistant

Dear Sir:                    Opinion No. 0-5968
                             Re: Authority of Constable of Orange
                                 County to appoint deputies and
                                 incur allowable expenses of of-
                                 fice.

          We have received your recent request for an opinion on
the following subject:

          Authority of Constable of Orange County to
     appoint deputies and operate his office upon an
     expense account to be allowed by the Commission-
     ers Court, <u>to the same extent as the sheriff</u>.

          Orange County has a population of 17,382, according
to the 1940 Federal Census, and is operating on a fee basis in
the compensation of its county and precinct officers, accord-
ing to the records of the State Comptroller's Office.

          Article 3902, Vernon's Annotated Civil Statutes, pro-
vides, in substance, that whenever any district, county or
precinct officer requires the service of deputies such officer
shall apply to the Commissioners' Court for authority to ap-
point such deputies, and that such court  shall make its order
authorizing such appointment and fix the compensation to be
paid such deputies and determine the number to be appointed as
in the discretion of said court may be proper.

          Article 6879a, Vernon's Annotated Civil Statutes, reads,
in part, as follows:

          "Sec. 1.  The duly elected Constable in each
     Justice Precinct having a city or town of less
     than eight thousand (8,000) population according
     to the preceding Federal Census may appoint one
     (1) Deputy and no more; and each Justice Precinct

having a city or town of eight thousand (8,000) and less than forty thousand (40,000) population according to the preceding Federal Census may appoint two (2) Deputies and no more; and in each Justice Precinct having a town or city of forty thousand (40,000) population or more according to the preceding Federal Census may appoint five (5) Deputies and no more, and each and every instance said Deputy Constables shall qualify as required of Deputy Sheriffs.

"Sec. 2. When the Constable in each and every instance named and described in the preceding section of this Act shall desire to make appointment of a Deputy or Deputies, as the case may be, said Constable shall first make written application to the Commissioners' Court of his County showing that it is necessary for such Constable to have the Deputy or Deputies requested in order to properly handle the business of his office originating in the Precinct in which such Constable has been elected, giving the name of each proposed appointees; and if the Commissioners' Court shall find that the Constable is in need of the Deputy or Deputies requested to handle the business originating in his Precinct, then and in that event, and in that event only, the Commissioners' Court shall approve and confirm the appointment of the Deputy or Deputies provided by this Act."

Article 3902, at the time of its passage having substantially the same provisions as pointed out hereinabove, was enacted in the form of an amendment by the 42nd Legislature in Regular Session and approved May 26, 1931, (General Laws of Texas, 1931, Chap. 214, p. 364).

Thereafter at the same session, the said 42nd Legislature enacted said Article 6879a, which was approved May 27, 1931 (General Laws of Texas, 1931, Chap. 280, p. 503). In the case of State v. Johnson, 52 S.W. (2d) 110 (writ dismissed), it was said in regard to Articles 3902 and 6879a, as follows:

"Two days after the passage of article 3902, an amendment was passed thereto, article 6879a, which does not affect the provisions of the former, except to provide for the number of deputies that can be appointed. . . . ."

Therefore, it seems that the appointment of deputy constables in your county should be made under authority of both said Articles (3902 and 6879a), and the number of deputies limited as provided in Section 1, of said Article 6879a.

As to expense accounts and expenses of office, in regard to the constable and sheriff of your county, we refer you to the following articles:

Article 3899, V. A. C. S., provides, in part, as follows:

"(a)  At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses; provided, that in addition to the officers named herein, the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector shall likewise make a report on the premiums on officials' bonds, including the cost of surety bonds for any deputies, and said premiums shall be subject to payment out of the fees of said office, as herein otherwise provided for the officers named; and provided further that if any of the officers so designated are on a salary rather than a fee basis, then all such bond premiums for officers and their deputies shall be paid from the General Fund of the county.  The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas, and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification.  If such expenses be incurred in connection with any particular case, such statement shall name such case.  Such expense account shall be subject to the audit of the county auditor, if any, otherwise by the Commissioners Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such auditor

or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of salaries paid to assistants and deputies shall also be clearly shown by such officer, giving the name, position, and amount paid each; and in no event shall any officer show any greater amount than actually paid any such assistant or deputy. The amount of such expenses, together with the amount of salaries paid to assistants, deputies, and clerks, shall be paid out of the fees earned by such officer. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, allow one or more automobiles to be used by the sheriff in the discharge of his official duties, which, if purchased by the county, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county, and they shall be and remain the property of the county. The expense of maintenance, depreciation, and operation of such automobiles as may be allowed, whether purchased by the county or owned by the sheriff or his deputies personally, shall be paid for by the sheriff and the amount thereof shall be reported by the sheriff, on the report above mentioned, in the same manner as herein provided for other expenses. As amended, Acts 1941, 47th Leg., p. 1390, chap. 629, § 1."

Article 3899b, V. A.C.S., provides, in part, as follows:

"Section 1. There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners Court for said officers at the expense of the county. And such books and stationery as are necessary in the performance of their duties shall also be furnished Justices of the Peace by said Commissioners Court. Provided all purchases herein must be approved by Commissioners Court, and must be made under the provisions of Article 1659, Revised Civil Statutes of Texas, 1925."

You will note that constables are not mentioned in said Article 3899b.

Article 3891, V. A. C. S., provides, in part, as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided."

The authorized expenses which may be deducted under Article 3899, supra, are such expenses as are enumerated therein, and only those expenses which are authorized under the statute can be deducted. Such expenses are to be paid from fees earned by the officers, and are allowed to both, constables and sheriffs.

The items of expense mentioned in Article 3899b, supra, are allowed only to the officers therein mentioned by the express terms of said article, therefore, constables would not be allowed such expenses.

Trusting this is satisfactory, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Robert L. Lattimore, Jr
Robert L. Lattimore, Jr.
Assistant

RLL:fo:wc

APPROVED APRIL 29, 1944
s/Geo. P. Blackburn
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman