**DISTRICT JUDGES OF the 188TH JUDICIAL DISTRICT and of the Family District Court for the 307th Judicial District, Appellants,**

v.

**COUNTY JUDGE and Commissioners' Court for GREGG COUNTY, TEXAS, Appellees.**

**No. 9171.**

Court of Appeals of Texas, Texarkana.

Sept. 6, 1983.

Rehearing Denied Oct. 11, 1983.

Glenn A. Perry, Hill & Perry, Longview, for appellants.

Philip Brin, Longview, Joe Tunnell, John W. Tunnell, Tyler, for appellees.

CORNELIUS, Chief Justice.

The Judges of the 188th and 307th District Courts filed this action for a writ of mandamus to compel the County Judge and Commissioners' Court of Gregg County to fund increased salaries for court personnel

and to implement a court administration system for the county. The trial judge denied the writ because the judges failed to establish that the requests were essential to the proper administration of justice.

Two questions are presented: Do the judges have inherent power to compel the county to furnish staff benefits and facilities essential to the proper administration of their courts, but which are not otherwise provided by law; and if so, do the judges have the burden of proof on the question of essentiality? We answer both questions in the affirmative and affirm the judgment.

The Texas Legislature has provided for county funded court administration systems for certain counties of the state,[1] but not for Gregg County. On September 24, 1982, the petitioning judges issued an administrative order which found that because of increased litigation and certain mandated prompt hearing standards, it was essential that a computer assisted system of case management and scheduling be instituted for their courts, and that such a system would require their court personnel to possess expanded skills and assume greater responsibilities. Finding that the present salary structure for the existing staff of the courts was inadequate, the judges created the position of Court Coordinator for each court, filled those positions with present personnel, and ordered the county to provide a salary of $1,600.00 per month for each position. The county refused to comply and the suit for mandamus resulted.

No evidence was presented at the trial, but only a short pretrial stipulation. The judges contend their order was entitled to a presumption of validity, and since the county failed to disprove the essentiality of the new positions and salaries, the writ of mandamus should have been issued.

■ That the judicial branch of government possesses inherent power to require the legislative and executive branches to provide essential staffing and facilities for it to properly perform its judicial functions is no longer open to serious question. *Von-*

*dy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104 (Tex.1981); *Eichelberger v. Eichelberger,* 582 S.W.2d 395 (Tex.1979); *County Commissioners Court of Dallas County v. Williams,* 638 S.W.2d 218 (Tex. App.—Eastland 1982), writ ref'd n.r.e. per curiam, 655 S.W.2d 206 (Tex.1983); *Matter of Salary of Juvenile Director,* 87 Wash.2d 232, 552 P.2d 163 (1976); *McAfee v. State ex rel. Stodola,* 258 Ind. 677, 284 N.E.2d 778 (1972); *Commonwealth ex rel. Carroll v. Tate,* 442 Pa. 45, 274 A.2d 193 (1971). Without such power the judiciary, a separate and co-equal branch of the government, could be rendered impotent by the neglect or the caprice of the other branches. *Vondy v. Commissioners Court of Uvalde County,* supra; *Commonwealth ex rel. Carroll v. Tate,* supra.

Our Constitution distributes the powers of government among three separate and independent branches, thereby creating a system of checks and balances which has served us well as a guard against usurpation and tyranny. For this separation of powers principle to operate effectively as intended, there must be a reasonable and proper exercise of power by each branch and a harmonious cooperation among the three. The judiciary is especially vulnerable to a breakdown of this cooperation, because it depends entirely upon the legislative and executive branches for its funding and for the practical enforcement of its decrees, and it has little effective recourse when those branches are derelict in their duties toward it. When, therefore, the necessary spirit of cooperation fails the judiciary must resort to its inherent power to insure that it will have the means to discharge its responsibilities. The power is inherent by virtue of the very fact that the judiciary has been created and has been given constitutional duties. *Eichelberger v. Eichelberger,* supra. The power is not unlimited, however, especially in the area of government finances. *Matter of Salary of Juvenile Director,* supra.

The raising of revenue and the allocation of financial resources among all government entities is initially and primarily the

---

1. Tex.Rev.Civ.Stat.Ann. art. 1918a (Vernon    Supp.1982–1983).

responsibility of the legislative branch of government, and sound public policy considerations demand that when the judiciary seeks to use its inherent power to overcome this peculiar prerogative of the Legislature, it be held to a high standard and assume the burden of showing that the funds sought to be compelled are essential for the holding of court, the efficient administration of justice, or the performance of its constitutional and statutory duties. *Matter of Salary of Juvenile Director,* supra. It is otherwise when the *initial responsibility* for hiring and compensating personnel is placed by the constitution or by statutes in the judiciary. In that case those contending that the judiciary's actions are extravagant, arbitrary, or unwarranted must assume the burden of establishing that fact by proper proof. *Commissioners Court of Lubbock County v. Martin,* 471 S.W.2d 100 (Tex.Civ. App.—Amarillo 1971, writ ref'd n.r.e.); *McAfee v. State ex rel. Stodola,* supra.

The Texas Constitution has invested the Legislature with the authority to provide for and compensate all public officers and agents not provided for in the Constitution itself,[2] and the Legislature has in turn delegated to the Commissioners' Court of Gregg County the responsibility for setting the salaries of county employees paid wholly from county funds.[3] By virtue of its express constitutional and statutory authority in this area, then, it is the county's actions which have a presumption of validity,[4] and they are subject to being abrogated only upon a showing of essentiality.

█ While the administrative findings of the courts concerning their own needs must be given proper weight and deference, there are important reasons why they should not be accepted as valid until they have been established by the fact finding process: there is a need to clearly demonstrate to the public that the judiciary is acting fairly and without bias in matters of court funding, and because any departure from the separation of powers mandated by the constitution is so drastic, such a step should be taken only on the basis of a detached and objective finding of essentiality.

In this case the judges failed to establish the required essentiality. Absent such proof there was no basis for the exercise of inherent power. The judgment is affirmed.

---

2.  Tex. Const. art. III, § 44.

3.  Tex.Rev.Civ.Stat.Ann. art. 3912k, § 1 (Vernon Supp.1982–1983).

4.  *McGuire v. City of Dallas,* 141 Tex. 170, 170 S.W.2d 722 (1943, opinion adopted); *City of Houston v. Moody,* 572 S.W.2d 13 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r. e.).