Honorable Kent A. Caperton Chairman Committee on Criminal Justice Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Whether article 6252-6c, V.T.C.S., which requires state agencies to use letter size paper, applies to the judiciary
Dear Senator Caperton:
You ask whether article 6252-6c, V.T.C.S., which prohibits state agencies from purchasing paper supplies that exceed 8 1/2 by 11 inches in size, applies to the courts of this state. This statute, enacted as House Bill No. 756 by the Sixty-ninth Legislature, provides in part:
 Sec. 1. In this Act, `state agency' means a board, commission, department, institution, office, or other agency of the state government, including an institution of higher education as defined by Section 61.003, Education Code.
 Sec. 2. (a) A state agency may not purchase forms, bond paper, stationery, pads, or similar paper supplies that exceed 8 1/2 inches by 11 inches in size.
 (b) A state agency may not purchase filing cabinets that are designed to store completed documents that exceed 8 1/2 inches by 11 inches in size.
 (c) This section does not prohibit the purchase or use of forms or paper supplies that exceed 8 1/2 inches by 11 inches in size if those forms or paper supplies are used: [exceptions for specific kinds of documents not relevant]. (Emphasis added).
You point out that the judiciary is not expressly excepted from article 6252-6c, V.T.C.S., and ask whether district courts, county clerks, and district clerks are within the definition of "state agency."
In our opinion, a "state agency" within article 6252-6c, V.T.C.S., includes only agencies in the executive branch of state government. The phrase "agency of the state" can be construed broadly to encompass courts and political subdivisions. See, e.g., National Surety Corporation v. Friendswood Independent School District, 433 S.W.2d 690, 694 (Tex. 1968) (school districts are state agencies created to administer public school system); Attorney General Opinion M-1266 (1972) (Mental Health Mental Retardation Community Centers are "agencies of the state" but not "state agencies"). The definition of "state agency" in section 1 of article 6252-6c, V.T.C.S., shows that the term is used in a narrow sense. The terms it uses — "board, commission, department, institution, office" — generally apply to administrative agencies in the executive branch of government. See, e.g., V.T.C.S. arts. 1396-2.23B; 6252-11c; 6252-13a; Attorney General Opinion M-1266 (1972). The express inclusion of "institutions of higher education" suggests that "state agency" or "other agency of the state government" would otherwise not encompass colleges and universities even though these institutions are in the executive branch of state government. See Foley v. Benedict, 55 S.W.2d 805, 808 (Tex. 1932); Letter Advisory No. 22 (1973). In our opinion, article 6252-6c, V.T.C.S., does not apply to instrumentalities of government within the judicial branch. District courts, and district and county court clerks are not subject to its prohibitions against purchasing paper supplies and filing cabinets in excess of the prescribed size.
The Fiscal Note attached to House Bill No. 756 supports our conclusions. Fiscal Note of May 21, 1985, Bill File for H.B. No. 756, Legislative Reference Library. It states that the change from legal size to letter size paper would have fiscal implications on those agencies that may need to convert forms designed on legal size paper. It found no fiscal implications to units of local government.
If, however, district courts and county and district clerks were subject to article 6252-6c, V.T.C.S., county finances would probably be affected. The commissioners court pays for the stationery and office supplies of district and county clerks. V.T.C.S. art. 3899b, § 1; see also V.T.C.S. art. 3930(c) (pages of document filed with county clerk must not exceed 8 1/2 inches by 14 inches). The commissioners court also has discretion to furnish "offices and stationery and blanks necessary in the performance of their duties" to resident district judges. V.T.C.S. art. 3899b, § 2; Attorney General Opinion O-3899 (1941). The counties composing an administrative judicial district are required to pay part of the expense incurred by the district in carrying out its duties. Government Code § 74.003; see also District Judge of the 188th Judicial District v. County Judge, Gregg County, 657 S.W.2d 908, 909 (Tex.App.-Texarkana 1983, writ ref'd n.r.e.). If the legislature intended House Bill No. 756 to apply to the judicial branch of government, some fiscal consequences for the counties would probably have been mentioned in the fiscal note.
We conclude that the judicial branch of Texas is not subject to article 6252-6c, V.T.C.S., and that district courts, district court clerks, and county clerks are not subject to it. But see Supreme Court Order Relating to Preparation of Statement of Facts (July 11, 1977), at Tex.R.Civ.Proc. 377 (statement of facts must be prepared on 8 1/2 inches by 11 inch paper).
 SUMMARY
Article 6252-6c, V.T.C.S., which prohibits state agencies from purchasing paper supplies that exceed 8 1/2 inches by 11 inches in size, does not apply to the judicial branch of government.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan Garrison Assistant Attorney General