ACCEPTED
01-14-00820-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/29/2015 10:21:34 AM
CHRISTOPHER PRINE
CLERK

No. 01-14-00820-CV

_____

IN THE
FIRST COURT OF APPEALS
at Houston, Texas

RECEIVED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/29/2015 10:21:34 AM

CHRISTOPHER A. PRINE
Clerk

_____

IN RE GALVESTON COUNTY JUDGE MARK HENRY,
GALVESTON COUNTY COMMISSIONER RYAN DENNARD,
GALVESTON COUNTY COMMISSIONER KEVIN O'BRIEN,
GALVESTON COUNTY COMMISSIONER STEPHEN HOLMES,
AND GALVESTON COUNTY COMMISSIONER KEN CLARK,
IN THEIR OFFICIAL CAPACITIES AS THE
GALVESTON COUNTY COMMISSIONERS COURT,
*Relators*
v.
THE HONORABLE LONNIE COX, 56th DISTRICT COURT
*Respondent*

_____

From the 56th Judicial District Court of
Galveston County, Texas

_____

**AMICUS CURIAE BRIEF IN SUPPORT OF RELATORS**

_____

John B. Dahill
State Bar No. 05310430
TEXAS CONFERENCE OF URBAN COUNTIES
500 W. 13th Street
Austin, Texas 78701
(512) 476-6174 telephone
(512) 478-5122 facsimile

# Table of Contents

Table of Contents ..............................................................................................2

Table of Authorities .........................................................................................3

Identity and Interest of Amicus Curiae ...........................................................5

Argument...........................................................................................................5

   I.     Respondent Had No Jurisdiction to Issue *Ex Parte* Order .............................5

   II.   Respondent's *Ex Parte* Order Issued *Sua Sponte* Ignored Due Process .........7

   III.  Respondent's *Ex Parte* Order Not Supported by Statutory Authority ...........9

Prayer ...............................................................................................................12

# Table of Authorities

Cases

*Commissioners Court of Lubbock County v. Martin*,
    471 S.W.2d 100 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.) ....................7

*Commissioners Court of Titus County v. Agan*,
    940 S.W.2d 77 (Tex. 1997).................................................................................5

*Dist. Judges of 188th Judicial Dist. v. County Judge and Commissioners*
*Court for Gregg County, Tex.*,
    657 S.W.2d 908 (Tex. App.—Texarkana 1983, writ ref'd n.r.e.)......................7, 8

*Ector County v. Stringer*,
    843 S.W.2d 477 (Tex. 1992) .............................................................................6

*Hooten v. Enriquez*,
    863 S.W.2d 522, 529 (Tex. App. 1993) ........................................................... 10

*In re El Paso County Com'rs Court*,
    281 S.W.3d 16 (Tex. App. – El Paso 2005, no pet.) ....................................6, 7, 8

*Matter of El Paso County Courthouse*,
    765 S.W.2d 876 (Tex. App.—El Paso 1989, no writ)...........................................8

*Mays v. Fifth Court of Appeals*,
    755 S.W.2d 78 (Tex. 1988)............................................................................6, 7

*State v. Johnson*,
    52 S.W.2d 110 (Tex. Civ. App.—San Antonio 1932, writ dism'd w.o.j.) .......... 11

*Vondy v. Commissioners Court of Uvalde County*,
    620 S.W.2d 104 (Tex. 1981) .............................................................................7


Attorney General Opinions

Tex. Att'y Gen. Op. LO-96-003 (1996) ................................................................. 10

Statutes

Tex. Const. art. V, § 8 ...................................................................................... 5, 6

Tex. Gov't Code Ann. § 24.020 ......................................................................... 5, 6

Tex. Gov't Code Ann. § 74.101, Government Code ................................................ 9

Tex. Gov't Code Ann. § 74.103, Government Code ........................................... 9, 10

Tex. Loc. Gov't Code §§ 151.001 – 151.903 ....................................................... 10

**Identity and Interest of Amicus Curiae**

The Texas Conference of Urban Counties ("CUC") is a Texas nonprofit organization composed of 37 member counties, representing approximately 80% of the population of Texas. CUC serves its member counties through education endeavors and through representation before state and federal governmental entities. CUC and its members have a strong interest in matters affecting the authority over the creation of county staff positions and the fiscal impact of those positions, and in the appropriate manner and means by which decisions of a county commissioners court may be reviewed by a state district court.[1]

**Argument**

### I. Respondent Had No Jurisdiction to Issue *Ex Parte* Order

The Texas Constitution provides that "[t]he District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." Tex. Const. art. V, § 8; *see also* Tex. Gov't Code Ann. § 24.020 (Vernon). A district court's constitutional supervisory control over a commissioners court's judgment can generally only be invoked when the commissioners court acts beyond its jurisdiction or clearly abuses the discretion conferred upon the commissioners court by law. *Commissioners Court of Titus*

---

[1] The author of this brief has received no fee for its preparation.

*County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997); *Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992); *In re El Paso County Com'rs Court*, 281 S.W.3d 16, 24 (Tex. App. – El Paso 2005, no pet.).

Relators have provided this Court with a long list of cases dating back almost 90 years holding that a lawsuit must be filed in the district court in order to invoke the district court's supervisory control over the commissioners court. In a very clear expression of this principle, the El Paso Court of Appeals has held that a district court **cannot** invoke its own jurisdiction to exercise supervisory control over the commissioners court under Article V, Section 8 of the Texas Constitution or Section 24.020 of the Texas Government Code. *In re El Paso County Com'rs Court*, 281 S.W.3d at 26.

Respondent cites *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78 (Tex. 1988) to support his claim that a lawsuit was not required to invoke the district court's supervisory jurisdiction over the Commissioners Court. [Actually, Respondent primarily cites a concurring opinion in *Mays*, and not the majority holding.] The Supreme Court held in *Mays* that "[t]he performance of a clear statutory duty which is ministerial and nondiscretionary may be directed by the District Court without notice and hearing in the absence of a statutory requirement to the contrary." Quite simply, *Mays* is not applicable to this matter. Respondent can cite no statutory duty that was ministerial and nondiscretionary violated by the

Galveston County Commissioners Court. The matter before this Court is far more similar to the facts in *In re El Paso County Com'rs Court* than those in *Mays*, the former being decided 7 years after *Mays*.

In the instant matter, no lawsuit had been filed vesting the district court with supervisory jurisdiction over the Galveston County Commissioners Court before the issuance of Respondent's *ex parte* order. Therefore, Respondent's order was not a valid exercise of the district court's supervisory control of the Commissioners Court. If this Court were to decide otherwise, the judiciary in Texas would be "on the perilous road to potentially second-guessing every executive or administrative decision of a county commissioners court." *See In re El Paso County Com'rs Court*, 281 S.W.3d at 27.

**II.    Respondent's *Ex Parte* Order Issued *Sua Sponte* Ignored Due Process**

Texas Courts have recognized that the judicial branch possesses inherent power to require the legislative and executive branches to provide essential staffing and facilities for it to properly perform its judicial functions. *See Dist. Judges of 188th Judicial Dist. v. County Judge and Commissioners Court for Gregg County, Tex.*, 657 S.W.2d 908 (Tex. App.—Texarkana 1983, writ ref'd n.r.e.); *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex. 1981); *Commissioners Court of Lubbock County v. Martin*, 471 S.W.2d 100, 110 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.). However, the inherent power to

require such staffing is not unlimited. *Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d at 909 ("The [inherent] power is not unlimited…especially in the area of government finances."). It does not excuse judicial officers from the burden of showing that compelled staffing is essential for the holding of court, the efficient administration of justice, or the performance of a court's constitutional and statutory duties. *See Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d at 909 - 910 (where judges failed to establish the required essentiality, there was no basis for exercise of judges' inherent power to compel county judge and commissioners' court to fund increased salaries for court personnel and to implement a court administration system for the county); *See also In re El Paso County Com'rs Court*, 281 S.W.3d 16, 28 ("[S]ound public policy considerations demand that when the judiciary seeks to use its inherent power to overcome the legislative prerogative, it must be held to a high standard and must assume the burden of showing that the funds sought to be compelled are essential for the holding of court, the efficient administration of justice, or the performance of its constitutional and statutory duties.) The court generally must afford procedural due process including notice and hearing. *See Matter of El Paso County Courthouse*, 765 S.W.2d 876, 882 (Tex. App.—El Paso 1989, no writ). A court's own administrative findings cannot be enforced unless those findings are established by a fact finding process. *Dist. Judges of 188th Judicial Dist.*, 657 S.W.2d at 910.

It is undisputed in this case that the Respondent issued an *ex parte* order *sua sponte*. Respondent now defends such order with an assertion, in part, of inherent power. But Respondent wholly overlooks the due process requirements which must accompany the judiciary's exercise of such inherent power.

### III.   Respondent's *Ex Parte* Order Not Supported by Statutory Authority

The issue before this Court is the validity of Respondent's *ex parte* order to the Galveston County Commissioners Court. For the reasons stated above, Respondent's order is void, without regard to whatever statutory authority may vest district courts with the authority to create and supervise positions within county government. But lest some on this Court believe Respondent's actions were legitimate to protect statutory authority over the Director of the Galveston County Justice Administration Department, a review of relevant Texas statutes is warranted.

Texas statutes permit judges to create certain positions – and, in some instances, obligate taxpayers to fund those positions. Such is the case, for example, for court coordinators under § 74.101, Government Code ("The local administrative judge and each district or statutory county court judge may establish a court coordinator system and appoint a court coordinator for his court to improve justice and expedite the processing of cases through the courts."); court staff and support personnel under § 74.103 ("The courts may appoint appropriate staff and

support personnel according to the needs in each county."); and court administrators in certain specific counties under Chapter 75, Government Code (which does not include any provision applicable to Galveston County). [Courts may also appoint court reporters, but those statutes clearly are not applicable in this matter.] There is no statutory authority for the district and statutory county courts in Galveston County to create the positions that comprise the Galveston County Justice Administration Department.

Chapter 151 of the Local Government Code generally regulates the process by which elected district, county and precinct officers may appoint deputies, assistants and clerks and other employees that are required in the performance of the officer's duties. *See* Tex. Loc. Gov't Code §§ 151.001 – 151.903. The process for elected officials to request approval for hiring employees should coincide with the annual budget setting process. *See Hooten v. Enriquez*, 863 S.W.2d 522, 529 (Tex. App. 1993); Tex. Att'y Gen. Op. LO-96-003 (1996) ("Thus, subsection 74.104(a) authorizes the judges to recommend salaries for the court coordinators, and their recommendations are subject to change during the county budgeting process. We also believe that the courts' power to appoint staff and support personnel 'according to the needs in each county,' Gov't Code § 74.103, is subject to the commissioners court's approval of the position and compensation pursuant to section 151.901 of the Local Government Code."). Failure to comply with Chapter

151 may render personnel appointments void and subject the purported appointee to removal. *See State v. Johnson*, 52 S.W.2d 110, 111 (Tex. Civ. App.—San Antonio 1932, writ dism'd w.o.j.); 35 Tex. Prac., County And Special District Law § 7.16 (2d ed.).

The procedures set forth in Chapter 151, Local Government Code, provide order in the establishment of county financial obligations vis-à-vis personnel for independent elected district, county, and precinct offices. A county and its taxpayers should not be subject to the random desires of officials for staffing their offices outside of the process found in Chapter 151. Absent a showing of compliance with Chapter 151 and the existence of authority to appoint the Director of the Galveston County Justice Administration Department, Respondent had no authority under Texas statutes to assert any control or supervision over the position. A review of Respondent's Reply to Petition for Mandamus reveals no assertion that Respondent, his predecessors, or other members of the judiciary in Galveston County ever complied with Chapter 151 or its predecessor statute with respect to the Director of the Galveston County Justice Administration Department.

To the contrary, Relators have produced evidence to show that the Galveston County Commissioners Court created the county's personal bond office in 1973, and created the county's collection improvement program in 2005. In the case of

the former, the statute in 1973 permitted creation of a personal bond office by either a county or by a judicial district. In the case of the latter, Article 103.0033, Texas Code of Criminal Procedure, requires *a county* – not the judiciary – to establish a collection improvement program. The employees of both of those offices reported to the Galveston County Commissioners Court, and were later placed within the Galveston County Justice Administration Department.

## Prayer

For the reasons stated in this Amicus Curiae Brief, the Texas Conference of Urban Counties requests that the Court issue a writ of mandamus directing Judge Lonnie Cox, presiding judge of the 56th Judicial District Court of Galveston County and Administrative Judge of the Galveston County District Courts, to vacate his *ex parte* Order of September 24, 2014.

Respectfully submitted,

/s/ John B. Dahill
John B. Dahill
State Bar No. 05310430

TEXAS CONFERENCE OF URBAN COUNTIES
500 W. 13th Street
Austin, Texas 78701
(512) 476-6174 telephone
(512) 478-5122 facsimile

## Certificate of Service

I certify that a copy of this Amicus Curiae Brief in Support of Relators was served via certified mail, return receipt requested, facsimile, and/or electronically on this 29th day of January 2015, to the following:

James P. Allison
j.allison@allison-bass.com
J. Eric Magee
e.magee@allison-bass.com
Phillip Ledbetter
p.ledbetter@allison-bass.com
ALLISON BASS &MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, TX 78701
(512) 482-0701 *telephone*
(512) 480-0902 *facsimile*

*Attorneys for Relators*

Andrew Mytelka
amytelka@greerherz.com
Angie Olalde
aolalde@greerherz.com
Greer, Herz & Adams, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 866-

*Amici Curiae*

Mark W. Stevens
markwandstev@sbcglobal.net
Attorney at Law
P.O. Box 8118
Galveston, TX 77553
(409) 765-6306  telephone
(409) 765-6469  facsimile

*Attorney for Respondent*

/s/ John B. Dahill
John B. Dahill

**CERTIFICATE OF COMPLIANCE**

I certify that this computer-generated Amicus Curiae Brief in Support of Relators contains 2,306 words and complies with TEX. R. APP. P. 9.4.

/s/ John B. Dahill
John B. Dahill
