

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

December 13, 2023

The Honorable John K. Greenwood
Lampasas County Attorney
409 South Pecan, Suite 203
Lampasas, Texas 76550

**Opinion No. KP-0453**

Re: Authority under Government Code chapter 74 of the Judge of a multi-county district to appoint different court coordinators for each county of the district (RQ-0001-AC)

Dear Mr. Greenwood:

You ask several questions about the authority of a district judge in a multi-county judicial district to appoint multiple court coordinators.[1] The district court at issue, the 27th Judicial District Court ("Court"), comprises two counties—Bell and Lampasas. *See* TEX. GOV'T CODE § 24.129(a) (establishing the composition of the Court); *see also* Request Letter at 1 (stating that the Court generally sits in Lampasas County "one day a week for a docket and one week per month for jury trials" and sits in Bell County the remainder of the time). As background, you tell us that currently one court coordinator serves the Court. Request Letter at 1. You explain that the court coordinator's "duties are limited to Bell County matters," while the management of the Court's dockets, notices, trial schedules, and other matters for Lampasas County is handled by the Lampasas district clerk. *Id.* at 1–2. You explain that the Lampasas district clerk has performed the duties of a court coordinator for many years but that "the growth of both counties and their respective dockets" makes it more difficult for the district clerk to manage both sets of duties. *Id.* at 2. Accordingly, you tell us the judge of the Court seeks to appoint a second court coordinator dedicated to Lampasas County matters pursuant to Government Code section 74.101. *Id.*

Government Code chapter 74, subchapter E, governs court coordinators. *See generally* TEX. GOV'T CODE §§ 74.101–.106. Within subchapter E, section 74.101 authorizes the "local administrative judge and each district or statutory county court judge" to "establish a court coordinator system and appoint a court coordinator for his court to improve justice and expedite the processing of cases through the courts." *Id.* § 74.101(a). You assert that the statute "speaks of the court coordinator in singular terms," suggesting that this wording may limit the court to the appointment of a single court coordinator. Request Letter at 4. Accordingly, you first ask whether

---

[1]*See* Letter from Honorable John K. Greenwood, Lampasas Cnty. Att'y, to Honorable Angela Colmenero, Interim Tex. Att'y Gen. at 1–4 (July 21, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ0001AC.pdf ("Request Letter").

the "judge of a multi-county district [may] appoint a different court coordinator for each county within the district" or whether the district judge is "limited to appointing one coordinator for the entire district, supplemented by assistants, staff and support personnel depending on the needs of each county." *Id.* at 1.

> **Subsection 74.101(a) authorizes the appointment of a single court coordinator per court, even in a multi-county judicial district.**

In matters of statutory interpretation, a court's objective "is to ascertain and give effect to the Legislature's intent." *Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 43 (Tex. 2022) (quoting *In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020)). Courts "interpret statutes by looking to their plain language and construing the text in light of the statute as a whole." *City of Austin v. Quinlan*, 669 S.W.3d 813, 821 (Tex. 2023). Courts also "give effect to all the statute's words without treating any language as surplusage, if possible." *Id.* Subsection 74.101(a) authorizes each of the specified judges to "appoint *a* court coordinator for his court . . . ." TEX. GOV'T CODE § 74.101(a) (emphasis added). The question is whether the Legislature intended this language to limit the judge to appointing a single court coordinator, even in a multi-county judicial district.

The plain language of the statute authorizes a single court coordinator per court. *See id.* We find no authority for multiple court coordinators elsewhere in the statutes. Instead, in examining the statutory framework governing district and statutory county courts (whose judges are authorized by subsection 74.101(a) to appoint a court coordinator), we find consistent references to a single court coordinator rather than multiple court coordinators. *See, e.g.*, *id.* §§ 24.579(c) (specifying, among other things, the entity that pays the salary and expenses "related to . . . *the* court coordinator appointed for [the 435th District Court] under Section 74.101" (emphasis added)), 25.0010(e) (authorizing a statutory county court judge to appoint necessary personnel, "including *a* court coordinator" (emphasis added)), 25.0024(a) (requiring a statutory probate court judge to hire, among others, "*a* court coordinator" (emphasis added)). The consistent reference to court coordinators in the singular suggests that the Legislature intended an overall court management structure utilizing one court coordinator per court.

Another provision within chapter 74, section 74.103, supports this conclusion. That provision authorizes a court to "appoint appropriate staff and support personnel according to the needs in each county," demonstrating that the Legislature knows how to authorize a discretionary number of appointments based on individual county needs. *Id.* § 74.103.[2] The lack of similar

---

[2]Some statutes refer to court coordinators as "staff" or "personnel." *See, e.g.*, TEX. GOV'T CODE §§ 25.0010(e) (authorizing a statutory county court judge to appoint "personnel necessary for the operation of the court, including a court coordinator"), 25.0024 (authorizing a statutory probate court judge to appoint, among others, "a court coordinator" and entitling "[c]ourt personnel employed under this section" to salary and benefits), 25.1034(i) (authorizing a Harris County statutory probate court judge to "appoint . . . a court coordinator . . . and other staff necessary for the operation of the courts"). While one could argue that court coordinators are thus "staff" or "personnel" that may be hired in whatever number serves the needs of a particular county, construing section 74.103 in this manner would render subsection 74.101(a) meaningless or superfluous, a result that a court is unlikely to favor. *See Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021) ("We give effect to all words of a provision and avoid constructions that would render any part of it meaningless."); *San Jacinto River*

(continued…)

language regarding court coordinators indicates the Legislature's affirmative decision not to authorize multiple appointments in that context. *See In re CenterPoint Energy Hous. Elec., LLC*, 629 S.W.3d 149, 158–59 (Tex. 2021) (recognizing that when interpreting a statute, a court will "presume the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen" (quoting *In re Commitment of Bluitt*, 605 S.W.3d 199, 203 (Tex. 2020))). Thus, a court would likely conclude that subsection 74.101(a) authorizes the appointment of a single court coordinator per court, even in a multi-county judicial district.[3] As we will discuss, however, the determination of the court coordinator's duties and the supplementation of that role with additional staff may provide flexibility for serving multi-county judicial districts.

> **In a multi-county judicial district, only the counties that will fund the court coordinator must approve the position and compensation.**

Assuming this result, your next set of questions asks about the process required to appoint, determine compensation for, fund, and assign the duties of a court coordinator position in a multi-county judicial district. Request Letter at 3. As an initial matter, we note that no statute details a step-by-step process to address these matters where multiple counties are involved. Despite the lack of statutory guidance, the Legislature is presumed to have been aware of the existence of multi-county judicial districts when it enacted the court coordinator appointment process in sections 74.101 and 74.104. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) (stating the presumption that "lawmakers enact statutes with complete knowledge of existing law"); *see also* TEX. GOV'T CODE § 24.129(a) ("The 27th Judicial District is composed of Bell and Lampasas counties."), 24.129(c) (setting the Court term dates in the respective counties).

Your first question about the multi-county process asks whether both counties in the judicial district at issue are "required to approve the position and compensation . . . ." Request Letter at 3. Subsection 74.101(a), standing alone, authorizes the judge to appoint a court coordinator with no approval requirement by another body. TEX. GOV'T CODE § 74.101(a). In contrast, subsection 74.104(a) authorizes the appointing judge to determine a reasonable compensation for the court coordinator but expressly makes that determination "subject to approval of the commissioners court." *Id.* § 74.104(a). Subsection 74.104(b) then states in relevant

---

*Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021) ("It is an elementary rule of construction that, when possible to do so, effect must be given to every sentence, clause, and word of a statute so that no part thereof be rendered superfluous or inoperative." (quoting *Spence v. Fenchler*, 180 S.W. 597, 601 (Tex. 1915))).

[3]While you ask only about a district judge's authority to appoint a court coordinator pursuant to Government Code section 74.101, we note that courts also possess inherent authority "derived not from statute but born of the constitutionally mandated separation of powers." *Henry v. Cox*, 520 S.W.3d 28, 36 (Tex. 2017) (quoting *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979)). This may include the "inherent power to require the legislative and executive branches to provide essential staffing and facilities for it to properly perform its judicial functions . . . ." *Dist. Judges of 188th Jud. Dist. v. Cnty. Judge Gregg Cnty.*, 657 S.W.2d 908, 909 (Tex. App.—Texarkana 1983, writ ref'd n r.e.). However, because of the commissioners court's co-equal legislative discretion regarding the expenditure of funds, the judiciary must "assume the burden of showing" that the staffing sought to be compelled is "essential for the holding of court, the efficient administration of justice, or the performance of its constitutional and statutory duties." *In re El Paso Cnty. Comm'rs Ct.*, 281 S.W.3d 16, 27–28 (Tex. App.—El Paso 2005, no pet.). Such an inquiry is necessarily fact-based and, therefore, inappropriate for the opinion process. *See* Tex. Att'y Gen. Op. No. KP-0382 (2021) at 3.

part that "[u]pon approval by the commissioners court *of the position and compensation*, the commissioners court of the county shall provide the necessary funding through the county's budget process." *Id.* § 74.104(b) (emphases added). These provisions must be construed together as part of the larger statutory framework. *See Quinlan*, 669 S.W.3d at 821. The Legislature's decision to make court coordinator *compensation*, but not appointment, expressly subject to commissioners court approval likely means that the reference in subsection 74.104(b) to approval "of the position and compensation" is merely a recognition that funding is essential to actualize the position. In other words, the commissioners court necessarily consents to the position's existence when it approves the proposed compensation and obligates itself to provide funding through the budget process. Had the Legislature meant to require approval of a court coordinator position as a threshold matter, it instead could have made the appointment itself expressly subject to approval. *See In re CenterPoint Energy*, 629 S.W.3d at 158–59. Thus, in the context of a multi-county judicial district, the compensation for—and by extension, the existence of—a court coordinator position only requires approval in order to obligate a commissioners court to fund the position. Accordingly, a court would likely conclude that only a commissioners court that will fund the court coordinator position must approve the "position and compensation" as referenced in subsection 74.104(b).

> **In a multi-county judicial district, the appointing judge and respective commissioners courts must collaborate in apportioning the cost of a court coordinator's compensation as part of the overall compensation approval process.**

Your next set of questions about multi-county districts ask "[h]ow . . . the costs of a single coordinator [are] shared by the multiple counties" and whether the court coordinator is "required to provide coordination services to all the counties" of the judicial district. Request Letter at 3. Our prior opinions in KP-0052 and KP-0298 are potentially instructive here.

In KP-0052 and KP-0298, this office opined on the respective roles under subsection 74.104(a) of an appointing judge, who determines "reasonable compensation" for a court coordinator, and a commissioners court, by which the compensation is "subject to approval." TEX. GOV'T CODE § 74.104(a); *see* Tex. Att'y Gen. Op. Nos. KP-0052 (2015), KP-0298 (2020). This office concluded that because neither has final authority over compensation, "section 74.104 appears designed to require the judge and the commissioners court to establish a court coordinator's compensation by collaboration." Tex. Att'y Gen. Op. Nos. KP-0052 (2015) at 3, KP-0298 (2020) at 3; *see also Henry*, 520 S.W.3d at 38 (instructing that when a statute splits salary authority between judges and the commissioners court, the parties should work to "reach a collaborative agreement"). The same principle would likely apply when considering the appointment of a court coordinator in a multi-county judicial district. With this in mind, we consider your questions regarding the apportionment between the counties of compensation, and duties. Request Letter at 3.

Regarding compensation, you point to the existence of legislative guidance for cost sharing in a multi-county judicial district for a court reporter, observing that no such guidance exists for a court coordinator. *Id.* at 4; *see also* TEX. GOV'T CODE § 52.054(a) (generally providing that an official court reporter's salary shall be apportioned among the counties of a district based on population). As previously noted, section 74.104 appears designed to require the judge and the

commissioners court to establish a court coordinator's compensation by collaboration. Because the question of compensation in a multi-county judicial district necessarily involves the issue of apportionment among the counties in the district, a court would likely conclude that section 74.104 also requires the cost of a court coordinator's compensation to be apportioned between Lampasas and Bell counties[4] by the appointing judge in collaboration with the respective commissioners courts as part of the overall compensation approval process.

> **A court coordinator's duties are largely determined by the judge of the appointing court and may encompass coordination services to all counties of a multi-county judicial district at the discretion of the judge.**

Regarding duties, section 74.102 provides that "courts by local administrative rule shall designate the duties of the court coordinators." TEX. GOV'T CODE § 74.102(a). By statute, court coordinators must also "cooperate with regional presiding and local administrative judges and state agencies having duties in the area of the operation of the courts" in order "[t]o promote uniform and efficient administration of justice in this state[.]" *Id.* § 74.102(b); *see also id.* § 74.101(a) (stating that the authority to appoint a court coordinator is "to improve justice and expedite the processing of cases through the courts"). Thus, the court coordinator's duties are largely determined by the judge of the appointing court and may encompass coordination services to both counties at the discretion of the judge. While no statute requires commissioners court approval of those duties, a commissioners court in a multi-county judicial district may consider such duties in the collaborative process of apportioning the court coordinator's compensation.

> **A judge appointing staff or support personnel under Government Code section 74.103 must seek commissioners court approval of the position pursuant to Local Government Code section 151.001.**

Finally, you ask about the appointment of staff and support personnel pursuant to section 74.103, which provides that "[t]he courts may appoint appropriate staff and support personnel according to the needs in each county." *Id.* § 74.103; *see* Request Letter at 3. Specifically, you ask whether an appointing judge must comply with Local Government Code section 151.001 "for authority to make such appointments[.]" Request Letter at 3.

Chapter 151 of the Local Government Code sets forth the general employment authority of a county. *See generally* TEX. LOC. GOV'T CODE §§ 151.001–.903. Local Government Code subsection 151.001(a) states that "[a] district, county, or precinct officer who requires the services of deputies, assistants, or clerks in the performance of the officer's duties shall apply to the commissioners court of the county in which the officer serves for the authority to appoint the employees." *Id.* § 151.001(a); *see also id.* § 151.901 (providing that "[t]he commissioners court of a county may enter an order to employ and provide compensation for secretarial personnel for a district, county, or precinct officer if the court determines that the financial condition of the county and the staff needs of the officer justify doing so").

---

[4]This is assuming both counties decide to fund the position.

As we observed in Opinion KP-0298, section 74.103 authorizes the appointment of staff and support personnel but does not address other aspects of their appointment. *See* Tex. Att'y Gen. Op. No. KP-0298 (2020) at 4 (concluding that because section 74.103 does not address the compensation of staff and support personnel, the provision must thus be read in the broader context of the commissioners court's general authority to set salaries). In this instance, section 74.103 does not address commissioners court approval of the appointment. But a court will "not give a statute meaning that conflicts with other provisions if [the court] can reasonably harmonize the provisions." *Loya v. Hickory Trail Hosp., L.P.*, 673 S.W.3d 1, 13 (Tex. App.—Dallas 2022, no pet.). In the broader context of the commissioners court's general employment authority, Local Government Code subsection 151.001(a) instructs district officers to apply to the commissioners court for approval to appoint any deputies, assistants, or clerks they may require for the performance of their duties. TEX. LOC. GOV'T CODE § 151.001(a). A district judge is a "district officer." *See* TEX. CONST. art. V, § 7(a) (providing that "[t]he State shall be divided into judicial districts, with each district having one or more Judges as may be provided by law or by this Constitution"). Harmonizing these provisions recognizes both the Legislature's grant of authority to the courts to appoint necessary staff or support personnel under section 74.103 and its general grant of authority to the commissioners court to consider and approve the appointment of assistants under Local Government Code subsection 151.001(a). Thus, a court would likely conclude that a judge appointing court coordinator staff or support personnel under Government Code section 74.103 must seek commissioners court approval of the positions pursuant to Local Government Code section 151.001. The appointing judge, however, may determine the number of staff positions that are "appropriate . . . according to the needs in each county" and may structure the duties of such personnel in whatever manner serves the needs of the counties within the judicial district, including the appointment of staff and support personnel dedicated to the management of a specific county within a multi-county judicial district.

## S U M M A R Y

Government Code chapter 74, subchapter E, governs court coordinators. A court would likely conclude that subsection 74.101(a) authorizes the appointment of a single court coordinator per court, even in a multi-county judicial district such as the 27th Judicial District Court.

A court would likely conclude that, in the context of a multi-county judicial district, only a commissioners court that will fund the court coordinator position must approve the "position and compensation" of a court coordinator as referenced in subsection 74.104(b).

Because the question of court coordinator compensation in a multi-county judicial district necessarily involves the issue of apportionment among the counties in the district, a court would likely conclude that in such a district, section 74.104 requires the appointing judge and respective commissioners courts to collaborate in apportioning the cost of a court coordinator's compensation as part of the overall compensation approval process.

A court coordinator's duties are largely determined by the judge of the appointing court pursuant to section 74.102 and may encompass coordination services to all counties of a multi-county judicial district at the discretion of the judge.

A court would likely conclude that a judge making an appointment of court coordinator staff or support personnel under section 74.103 must seek commissioners court approval of the positions pursuant to Local Government Code section 151.001.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee